Sterling A. Brennan (CA State Bar No. 126019)
  E-Mail: sbrennan@mabr.com
Tyson K. Hottinger (CA State Bar No. 253221)
  E-Mail: thottinger@mabr.com
MASCHOFF BRENNAN LAYCOCK
  GILMORE ISRAELSEN & WRIGHT, PLLC
20 Pacifica, Suite 1130
Irvine, California 92618
Telephone:  (949) 202-1900
Facsimile:   (949) 453-1104

C.J. Veverka (*pro hac vice*)
  E-Mail: cveverka@mabr.com
Rachel Jacques (*pro hac vice*)
  E-Mail: rjacques@mabr.com
MASCHOFF BRENNAN LAYCOCK
  GILMORE ISRAELSEN & WRIGHT, PLLC
1389 Center Drive, Suite 300
Park City, Utah 84098
Telephone: (435) 252-1360
Facsimile: (435) 252-1361

Attorneys for Defendants and Counterclaimants DAN FARR PRODUCTIONS, LLC, DANIEL FARR, and BRYAN BRANDENBURG

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAN DIEGO COMIC CONVENTION, a California nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>DAN FARR PRODUCTIONS, a Utah limited liability company; NEWSPAPER AGENCY COMPANY, a Utah limited liability company; DANIEL FARR, an individual; and BRYAN BRANDENBURG, an individual,<br><br>Defendants. | Case No. 14-cv-1865-AJB-JMA<br><br>**DEFENDANTS AND COUNTERCLAIMANTS DAN FARR PRODUCTIONS, DAN FARR, AND BRYAN BRANDENBURG'S FIRST AMENDED ANSWER AND COUNTERCLAIMS; DEMAND FOR JURY TRIAL**<br><br>HON. ANTHONY J. BATTAGLIA<br>UNITED STATES DISTRICT JUDGE<br>COURTROOM 3B |

DAN FARR PRODUCTIONS, a Utah limited liability company; DANIEL FARR, an individual; and BRYAN BRANDENBURG, an individual,

    Counterclaimants,

v.

SAN DIEGO COMIC CONVENTION, a California nonprofit corporation,

    Counterdefendant.

    Defendants and Counterclaimants Dan Farr Productions, Daniel Farr, and Bryan Brandenburg ("Defendants") by and through counsel of record, hereby answer Plaintiff San Diego Comic Convention's ("SDCC") Complaint as follows:

## THE PARTIES, JURISDICTION AND VENUE

    1.    Defendants are presently without information sufficient to definitively confirm the truth of the allegations of paragraph 1 of the Complaint, and on that basis deny the allegations.

    2.    Defendants admit that defendant Dan Farr Productions, LLC is a limited liability company organized and existing under the laws of the State of Utah, and has its principal place of business in Salt Lake City, Utah.

    3.    Defendants are presently without information sufficient to definitively confirm the truth of the allegations of paragraph 3 of the Complaint, and on that basis deny the allegations.

    4.    Defendants admit that Daniel Farr is a co-founder of the Salt Lake Comic Con convention and that he resides in Utah.

    5.    Defendants admit that Bryan Brandenburg is a co-founder of the Salt Lake Comic Con convention and that he resides in Utah.

1    6.   Defendants admit that they conduct business under the name "Salt Lake Comic Con," which is a registered D/B/A with the State of Utah. Defendants are presently without information sufficient to definitively confirm the truth of the allegations of paragraph 6 of the Complaint concerning Defendant Newspaper Agency Company, LLC, and on that basis deny those allegations. Defendants deny the remaining allegations contained in paragraph 6.

7.   Defendants are presently without information sufficient to definitively confirm the truth of the allegations of paragraph 7 of the Complaint concerning the amount in controversy, and on that basis deny those allegations. The remaining allegations of paragraph 7 of the Complaint are solely legal conclusions not requiring a response from Defendants.

8.   Defendants admit that personal jurisdiction is proper, that Defendants advertise and transact business throughout the United States, including in this judicial district, and that Defendants have advertised and promoted Salt Lake Comic Con in this district. Defendants deny the remaining of paragraph 8 of the Complaint.

9.   Defendants admit that venue is proper in this judicial district because Defendants are subject to personal jurisdiction in this district. Defendants deny that SDCC suffered any damage. Defendants are presently without information sufficient to definitively confirm the truth of the remaining allegations of paragraph 9 of the Complaint, and on that basis deny those allegations.

**GENERAL ALLEGATIONS**

10.   Defendants are presently without information sufficient to definitively confirm the truth of the allegations of paragraph 10 of the Complaint, and on that basis deny the allegations.

11.   Defendants are presently without information sufficient to definitively confirm the truth of the allegations of paragraph 11 of the Complaint, and on that basis deny the allegations.

1  12. Defendants are presently without information sufficient to definitively confirm the truth of the allegations of paragraph 12 of the Complaint, and on that basis deny the allegations.

13. Defendants are presently without information sufficient to definitively confirm the truth of the allegations of paragraph 13 of the Complaint, and on that basis deny the allegations.

14. Defendants are presently without information sufficient to definitively confirm the truth of the allegations of paragraph 14 of the Complaint, and on that basis deny the allegations.

15. Defendants are presently without information sufficient to definitively confirm the truth of the allegations of paragraph 15 of the Complaint, and on that basis deny the allegations.

16. Defendants deny the allegations of paragraph 16 of the Complaint.

17. Defendants admit that defendant Daniel Farr stated one purpose of Salt Lake Comic Con is to "bring[] comics, fan art, sci-fi, anime, fantasy, film and TV and their associated comic creator, artist, actor, performer and author celebrities to meet and interact with their fans" and that this statement appeared on the website www.saltlakecitycomiccon.com ("Salt Lake Comic Con website"). Defendants deny the remaining allegations of paragraph 17 of the Complaint.

18. Defendants deny the allegations of paragraph 18 of the Complaint.

19. Defendants admit that they advertise, market, and sell merchandise, including t-shirts, sweatshirts, hats, blankets, bags, mugs, phone cases, flags, and key chains via the Salt Lake Comic Con website. Defendants are presently without information sufficient to definitively confirm the truth of the allegations of paragraph 19 of the Complaint concerning the sale of "much more," and on that basis deny those allegations. Defendants state that the webpage printouts attached as Exhibit B to the Complaint appear to be true and correct printouts from the Salt Lake Comic Con website. Defendants deny the remaining allegations of paragraph 19 of the Complaint.

20. Defendants admit that an Audi R8 containing advertisements for the Salt Lake Comic Con convention was driven around the locale of the San Diego Comic Con convention during said convention and that the words "Comic Con" appeared on the front of said car where the license plate is normally found. Defendants state that Exhibit C appears to be true and correct pictures of the Audi R8 referenced in paragraph 20 parked in front of the Hyatt Hotel. Defendants deny the remaining allegations of paragraph 20 of the Complaint.

21. Defendants admit that one use of the Audi R8 was to advertise the upcoming Salt Lake Comic Con convention held on September 4-6, 2014 and that the vehicle was driven to a hotel near the San Diego Comic Con. Defendants are presently without information sufficient to definitively confirm the truth of the remaining allegations of paragraph 21 of the Complaint, and on that basis deny those allegations.

22. Defendants deny the allegations of paragraph 22 of the Complaint.

23. Defendants admit that they use Salt Lake Comic Con to promote their convention. Defendants deny the remaining allegations of paragraph 23 of the Complaint.

24. Defendants deny the allegations of paragraph 24 of the Complaint.

25. Defendants deny the allegations of paragraph 25 of the Complaint.

26. The link found in paragraph 26 of the Complaint to an article allegedly published in April of 2014 redirects to the general landing page of http://www.foliomag.com/ and not the article referred to in paragraph 26 of the Complaint. As such, Defendants are presently without information sufficient to definitively confirm the truth of the allegations of paragraph 26 of the Complaint concerning the article, and on that basis deny those allegations. Defendants deny the remaining allegations of paragraph 26 of the Complaint.

27. Defendants deny the allegations of paragraph 27 of the Complaint.

28. Defendants deny the allegations of paragraph 28 of the Complaint.

29. Defendants deny the allegations of paragraph 29 of the Complaint.

30. Defendants admit that they received a cease and desist letter from SDCC's counsel dated July 25, 2014 and that such letter was distributed to news outlets and posted on the Salt Lake Comic Con website under a portion of the website that was formed to provide consumers with updated information, news articles, and opinions regarding this action. Defendants deny the remaining allegations of paragraph 30 of the Complaint.

31. Defendants state that they invite visitors to the Salt Lake Comic Con website to log comments in response to any post appearing on the Salt Lake Comic Con website which includes, but is not limited to, posts regarding this action. Defendants deny the remaining allegations of paragraph 31 of the Complaint.

## FIRST CAUSE OF ACTION

## (FEDERAL TRADEMARK INFRINGEMENT- 15 U.S.C. § 1114)

## AGAINST ALL DEFENDANTS

32. Defendants incorporate by reference all of their preceding responses to the Complaint as though fully set forth hereat.

33. Defendants deny the allegations of paragraph 33 of the Complaint.

34. Defendants deny the allegations of paragraph 34 of the Complaint.

35. Defendants deny the allegations of paragraph 35 of the Complaint.

36. Defendants deny the allegations of paragraph 36 of the Complaint.

37. Defendants deny the allegations of paragraph 37 of the Complaint.

38. Defendants deny the allegations of paragraph 38 of the Complaint.

39. Defendants deny the allegations of paragraph 39 of the Complaint.

40. Defendants deny the allegations of paragraph 40 of the Complaint.

41. Defendants deny the allegations of paragraph 41 of the Complaint.

42. Defendants deny the allegations of paragraph 42 of the Complaint.

43. Defendants deny the allegations of paragraph 43 of the Complaint.

## SECOND CAUSE OF ACTION
## (FALSE DESIGNATION OF ORIGIN - 15 U.S.C. § 1125(a))
## AGAINST ALL DEFENDANTS

44. Defendants incorporate by reference all of their preceding responses to the Complaint as though fully set forth hereat.

45. Defendants deny the allegations of paragraph 45 of the Complaint.

46. Defendants deny the allegations of paragraph 46 of the Complaint.

47. Defendants deny the allegations of paragraph 47 of the Complaint.

48. Defendants deny the allegations of paragraph 48 of the Complaint.

## PRAYER FOR RELIEF

Defendants are not required to respond to the prayer for judgment and relief in the Complaint.  Nonetheless, to the extent that the paragraphs of the Complaint in that section may be deemed to allege any factual or legal entitlements to the relief requested, Defendants deny each and every such allegation, and specifically deny that SDCC is entitled to the requested, or any, relief.

## DEFENDANTS' ADDITIONAL AND AFFIRMATIVE DEFENSES

Without admitting or acknowledging what must be alleged by way of affirmative defenses or that Defendants bear the burden of proof as to any of the defenses set forth herein, Defendants allege the following as additional or affirmative defenses to the Complaint and to the relief sought therein:

### *First Defense:  Failure to State a Claim*

The Complaint fails to state a claim against Defendants upon which relief can be granted.

### *Second Defense:  Abandonment*

SDCC's claims are barred in whole or in part because SDCC has abandoned the trademarks asserted against Defendants.

### Third Defense:  Permission

SDCC's claims are barred in whole or in part because SDCC has acquiesced to Defendants' use of the asserted trademarks.

### Fourth Defense:  Unclean Hands

SDCC's claims are barred in whole or in part under the doctrine of unclean hands.

### Fifth Defense:  Generic Mark

SDCC's claims are barred in whole or in part because SDCC's asserted trademarks are generic.

### Sixth Defense:  Noninfringement

SDCC's claims are barred in whole or in part because Defendants have not infringed the asserted trademarks.

### Seventh Defense:  No Damage

SDCC's claims are barred in whole or in part on the ground that SDCC has not been sufficiently damaged to obtain any requested relief.

### Eighth Defense:  Estoppel

SDCC's claims are barred in whole or in part under the doctrine of estoppel.

### Ninth Defense:  Failure to Estoppel

If SDCC suffered any injury or damage as alleged in its claims, such injury or damage was caused, in whole or in part, by the intentional acts, omissions, recklessness, carelessness, or negligence of SDCC, and SDCC's damages, if any, against Defendants should be reduced accordingly.

### Tenth Defense:  Laches

SDCC's claims are barred in whole or in part under the doctrine of laches.

### Eleventh Defense:  Descriptiveness

SDCC's claims are barred in whole or in part because one or more of the asserted trademarks are descriptive.

1 | *Twelfth Defense: Lack of Secondary Meaning*

2 SDCC's claims are barred in whole or in part because one or more of the asserted
3 trademarks lack inherent distinctiveness and have not acquired secondary meaning.

*Defendants' Further Additional Defenses*

In addition to the defenses set forth above, Defendants reserve the right to raise, assert, rely upon, or add any new or additional defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the laws of the United States, the laws of any other governing jurisdictions that may exist or in the future be applicable based on discovery and further factual investigation in this Action, and reserve the right to amend any and all defenses set forth above as discovery proceeds.

## COUNTERCLAIMS

Defendants and Counterclaimants Dan Farr, LLC ("Dan Farr Productions"), Daniel Farr ("Farr"), and Bryan Brandenburg ("Brandenburg") (collectively "Counterclaimants") hereby assert the following first amended counterclaims against Plaintiff and Counterdefendant San Diego Comic Convention ("SDCC").

## NATURE OF THE ACTION

1. This action arises and is brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 and the trademark laws of the United States, 15 U.S.C. §§ 1051, *et seq.*, and seeks a declaration that Counterclaimants do not infringe SDCC's asserted trademarks under either 15 U.S.C. §§ 1114 or 1125(a). Additionally, Counterclaimants seek a declaration that the asserted trademarks be declared invalid and ordered cancelled pursuant to 15 U.S.C. § 1119.

## PARTIES' JURISDICTION AND VENUE

2. Dan Farr Productions is a limited liability company organized and existing under the laws of the State of Utah, and has its principal place of business in Salt Lake City, Utah.

3. Farr is a co-founder of the Salt Lake Comic Con convention, is the managing member of Dan Farr Productions, LLC, and resides in Utah.

1    4.    Brandenburg is a co-founder of the Salt Lake Comic Con convention and resides in Utah.

5.    On information and belief, SDCC is a nonprofit corporation organized and existing under the laws of the State of California and has its principal place of business in San Diego, California.

6.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201–02, and 15 U.S.C. § 1121.

7.    This Court has personal jurisdiction over SDCC by virtue of SDCC's election to file suit in this District and because SDCC, upon information and belief, resides within this District.

8.    Venue is proper pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

9.    SDCC's Complaint alleges that Counterclaimants infringe four of SDCC's registered U.S. Trademarks pursuant to 15 U.S.C. §§ 1114 and 1125(a).

10.    Counterclaimants deny any alleged infringement of the asserted marks by virtue of their Answer and Counterclaims.

11.    On information and belief, numerous third parties throughout the United States utilize the words "Comic Con" or "Comic-Con" to advertise and promote their respective comic conventions. For example, a non-exhaustive list of comic conventions (generically known as a comic con) reveals that comic cons are held in:

- Maryland – under the name "Baltimore Comic Con" (*see* www.baltimorecomiccon.com);
- New York – under the name "New York Comic Con" (*see* www.newyorkcomiccon.com);
- Texas – under the name "Dallas Comic Con" (*see* http://dallascomiccon.com);
- Colorado – under the name "Denver Comic Con" (*see* www.denvercomiccon.com);

1 
2 
3 
4 
5 
6 
7 
8 
9 
10 
11 
12 
13 

- Washington – under the name "Emerald City Comicon" (*see* emeraldcitycomicon.com);
- Michigan – under the name "Motor City Comic Con" (*see* www.motorcitycomiccon.com);
- Arizona – under the name "Phoenix Comic Con" (*see* www.phoenixcomicon.com);
- Ohio – under the name "Ohio Comic Con" (*see* http://www.wizardworld.com/home-ohio.html);
- Pennsylvania – under the names "Pittsburg Comicon" (*see* www.pittsburghcomicon.com) and "Wildcat Comic Con" (see www.wildcatcomiccon.pct.edu); and
- Oregon – under the name "Rose City Comic Con" (see www.rosecitycomiccon.com).

14    12.    On information and belief, SDCC has not policed or contested the use of
15 "comic con" or "comic-con" by the above identified third parties nor other third party
16 users which produce competing comic conventions and has allowed competing third
17 party comic cons to advertise at SDCC's own convention.

18    13.    On information and belief, SDCC has allowed competitors and consumers to
19 use the words "comic con" or "comic-con" as the generic name for comic conventions.

20    14.    On information and belief, SDCC has engaged in naked licensing of its
21 asserted marks.

22    15.    On information and belief, the media and those within the relevant industry
23 have and continue to use the words "comic con" or "comic-con" as generic terms for
24 comic conventions.

25    16.    On information and belief, the general public understands the words "comic
26 con" or "comic-con" to refer generally to a comic convention and does not associate
27 these words with any particular source of such conventions.

28

## FIRST CAUSE OF ACTION

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

17. Counterclaimants hereby reallege and incorporate paragraphs 1-15 of the Counterclaims as if set forth in full hereat.

18. SDCC has accused Counterclaimants of trademark infringement pursuant to 15 U.S.C. §§ 1114 and 1125(a).

19. Counterclaimants deny SDCC's allegations of trademark infringement as contained in their Answer and Counterclaims as set forth above.

20. SDCC's allegations of infringement pose a threat to Counterclaimants' business and have and will continue to harm Counterclaimants until such claims are resolved.

21. As a result of the foregoing, an actual case or controversy exists regarding SDCC's allegations of trademark infringement.

22. Counterclaimants have no adequate remedy at law and therefore seek declaratory judgment pursuant to 28 U.S.C. §§ 2201–02 that Counterclaimants have not infringed SDCC's asserted trademarks.

23. Counterclaimants additionally seek any further relief deemed appropriate by this Court pursuant to 28 U.S.C. § 2202.

## SECOND CAUSE OF ACTION

## DECLARATORY JUDGMENT OF TRADEMARK INVALIDITY AND CANCELLATION

24. Counterclaimants hereby reallege and incorporate paragraphs 1-22 of the Counterclaims as if set forth in full hereat.

25. SDCC's asserted trademarks are generic and/or abandoned under applicable United States law based at least on the circumstances that SDCC has failed to police or contest competitors' use of the terms "comic con" and "comic-con" as generic terms for comic conventions, has engaged in naked licensing of its asserted marks and  consumers,

1  those within the relevant industry and the media understand these terms to be generic
2  terms for comic conventions, and use such terms generically.
3       26.    Pursuant to 15 U.S.C. §§ 1064 and 1119, SDCC's asserted trademarks are
4  invalid and should be cancelled because they are generic and/or because SDCC has
5  abandoned its rights in the asserted trademarks.
6       27.    SDCC's allegations of infringement against Counterclaimants' business
7  have and will continue to harm Counterclaimants until such claims are resolved.
8       28.    SDCC's allegations of trademark infringement against Counterclaimants
9  indicate SDCC's belief in the enforceability and validity of its asserted trademarks.
10      29.    Based on the foregoing, an actual case or controversy exists regarding the
11  validity of SDCC's asserted trademarks.
12      30.    Counterclaimants have no adequate remedy at law and therefore seek
13  declaratory judgment pursuant to 28 U.S.C. §§ 2201–02 and 15 U.S.C. §§ 1064 and 1119
14  that SDCC's asserted trademarks are invalid and cancellation of the marks.
15      31.    Counterclaimants additionally seek any further relief deemed appropriate by
16  this Court pursuant to 28 U.S.C. § 2202.

## **PRAYER FOR RELIEF**

WHEREFORE, Counterclaimants request relief as follows:

1. That SDCC take nothing by the Complaint;
2. A declaration of non-infringement with respect to SDCC's asserted trademarks;
3. A declaration that SDCC's asserted trademarks are invalid and cancellation of the same;
4. An declaration that SDCC's claims are meritless and exceptional;
5. An award of Defendants' costs of suit, attorney's fees, and expenses in defending against the Complaint; and
6. Such other and further relief as this Court shall deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38, Defendants and Counterclaimants demand TRIAL BY JURY of all issues so triable, whether presented by SDCC's claims against Defendants, Defendants and Counterclaimants' Counterclaims against SDCC, or otherwise.

DATED:  November 7, 2014

Sterling A. Brennan
C.J. Veverka
Tyson K. Hottinger
Rachael Jacques
MASCHOFF BRENNAN LAYCOCK
  GILMORE ISRAELSEN & WRIGHT, PLLC

By:   */s/   Tyson K. Hottinger*
        Tyson K. Hottinger
Attorneys for Defendants and Counterclaimants
DAN FARR PRODUCTIONS, DANIEL FARR, AND BRYAN BRANDENBURG