CALLIE A. BJURSTROM (STATE BAR NO. 137816)
PETER K. HAHN (STATE BAR NO. 165692)
MICHELLE A. HERRERA (STATE BAR NO. 209842)
PILLSBURY WINTHROP SHAW PITTMAN LLP
501 West Broadway, Suite 1100
San Diego, CA 92101-3575
Telephone: (619) 234-5000
Facsimile: (619) 236-1995
Email: callie.bjurstrom@pillsburylaw.com
       peter.hahn@pillsburylaw.com
       michelle.herrera@pillsburylaw.com

Attorneys for Plaintiff SAN DIEGO COMIC CONVENTION


CALVIN R. WINDER (STATE BAR NO. 297981)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, UT 84111
Telephone: (801)532-1500
Facsimile: (801)532-7543
Email: cwinder@rqn.com

Attorneys for Defendant NEWSPAPER AGENCY COMPANY, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO COMIC CONVENTION, a California non-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DAN FARR PRODUCTIONS, a Utah limited liability company; NEWSPAPER AGENCY COMPANY, a Utah limited liability company; DANIEL FARR, an individual; and BRYAN BRANDENBURG, an individual.<br><br>Defendants. | Case No. 14-cv-1865 AJB(JMA)<br><br>JOINT MOTION TO DISMISS DEFENDANT NEWSPAPER AGENCY AND TO ESTABLISH TERMS AND CONDITIONS OF DISMISSAL |

- 1 -

JOINT MOTION TO DISMISS DEFENDANT
NEWSPAPER AGENCY AND TO ESTABLISH TERMS
AND CONDITIONS OF DISMISSAL
Case No. 14-cv-1865 AJB (JMA)

Having reached a full and final settlement of this action, Plaintiff San Diego Comic Convention ("Plaintiff" or "SDCC") and Defendant Newspaper Agency Company, LLC ("Newspaper Agency"), hereby request, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and through their counsel of record, that the Court dismiss without prejudice SDCC's Complaint against Newspaper Agency only.  SDCC and Newspaper Agency jointly stipulate and further request, as part and parcel of the dismissal, that the Court issue an Order establishing the following terms and conditions as necessary components of the Order dismissing Newspaper Agency:

1. Newspaper Agency shall not challenge the validity of the following service marks identified in Plaintiff's Complaint, which shall hereinafter be collectively referred to as the "COMIC-CON Marks," in any proceeding or matter before any court of law, the United States Patent & Trademark Office, the Trademark Trial and Appeals Board, or any other adjudicative agency whatsoever:

   a.    which is the subject of U.S. Service Mark Reg. No. 3,221,808

   b. COMIC-CON   which is the subject of U.S. Service Mark Reg. No. 3,219,568

   c. COMIC CON INTERNATIONAL  which is the subject of U.S. Service Mark Reg. No. 2,218,236

   d. ANAHEIM COMIC-CON  which is the subject of U.S. Service Mark Reg. No. 4,425,806

2. Newspaper Agency shall not assist any other person in any proceeding before any court of law, the United States Patent & Trademark Office, the Trademark Trial and Appeals Board, or any other adjudicative agency whatsoever, in which a person (1) challenges the validity of any of the COMIC-CON Marks, or

(2) contends that he or she has not infringed the COMIC-CON Marks. Notwithstanding the foregoing, Newspaper Agency may respond to valid subpoenas, court orders, or other governmental requests for information concerning such issues.

3. Newspaper Agency shall not use the COMIC-CON Marks, or any other marks that are confusingly similar to the COMIC-CON Marks, in connection with the production of any comic convention in any locale, or in connection with any goods or services associated therewith. For example and without limitation, Newspaper Agency may not advertise its own services using the COMIC-CON Marks.

4. Newspaper Agency shall not publish any news stories, editorials or press releases authored by any other Defendant named in this action that mention or refer to any dispute between Plaintiff and any other Defendant named in this action, including but not limited to the trademark dispute that is the subject of this action.

5. Notwithstanding Paragraphs 3 and 4 above, Newspaper Agency may incidentally use the COMIC-CON Marks in connection with the publication of independent news stories regarding comic conventions.

6. Newspaper Agency shall be permitted to engage in its business services for third parties, including but not limited to, ticketing, advertising, facility logistics, website design and management, sourcing, budget and human resources, and information systems, for any third-party person or entity regardless of the marks used by such person or entity, including but not limited to the COMIC-CON Marks. For example and without limitation, Newspaper Agency may advertise the products and services of third parties by publishing third-party advertisements that include the COMIC-CON Marks. Nothing in this paragraph abrogates the responsibilities and prohibitions set forth in paragraphs 3 and 4 above.

7. The Court shall reserve jurisdiction to resolve any dispute arising with respect to the terms and conditions set forth herein, including but not limited to Newspaper Agency's compliance with any Order issued in response to this joint motion. In any such proceeding, Newspaper Agency shall submit to the personal jurisdiction of this Court without challenge. Newspaper Agency retains the right, however, to assert that this Court lacks jurisdiction over it in any proceeding other than the instant action.

8. The Court may modify the terms and conditions set forth herein as required by agreement of the parties hereto or as required by the interests of justice.

9. Any Order issued in response to this joint motion shall remain in force and effect indefinitely and shall survive the dismissal of this action.

10. If Plaintiff re-asserts claims against Newspaper Agency arising out of the same facts asserted in this action, any Order issued in response to this joint motion shall be of no further effect and Newspaper Agency shall retain all defenses and rights concerning such claims.

11. If the mark COMIC-CON is determined to be generic or it is determined that Plaintiff has abandoned the COMIC-CON mark, in a final non-appealable ruling or judgment, by this or any other court of competent jurisdiction in the United States, the terms and conditions set forth in paragraphs 3 and 4 above shall be of no further effect.

NOW, THEREFORE, SDCC and Newspaper Agency jointly request that the Court enter an Order dismissing Newspaper Agency from this case with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). SDCC and Newspaper Agency further request, as part and parcel of the Order dismissing Newspaper Agency, that the Court issue an Order establishing the terms and conditions set forth above as necessary components of the dismissal.

Dated: January 6, 2015

                                              PILLSBURY WINTHROP SHAW PITTMAN LLP

                                              By   */s/Peter K. Hahn*
                                                     Peter K. Hahn
                                                     Attorneys for Plaintiff
                                                   SAN DIEGO COMIC CONVENTION

Dated: January 6, 2015

                                              RAY QUINNEY & NEBEKER P.C.

                                              By   */s/Calvin R. Winder*
                                                   Calvin R. Winder
                                                 Attorneys for Defendant
                                                 NEWSPAPER AGENCY COMPANY

## SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Calvin R. Winder, counsel for Defendant Newspaper Agency Company, and that I have obtained Mr. Winder's authorization to affix his electronic signature to this document.

Dated: January 6, 2015

                                              PILLSBURY WINTHROP SHAW PITTMAN LLP

                                              By   */s/Peter K. Hahn*
                                                   Peter K. Hahn
                                                 Attorneys for Plaintiff
                                                 SAN DIEGO COMIC CONVENTION