1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

11

SAN DIEGO COMIC
CONVENTION, a California non-
profit corporation,

Plaintiff,

vs.

DAN FARR PRODUCTIONS, a Utah
limited liability company;
NEWSPAPER AGENCY
COMPANY, a Utah limited liability
company; DANIEL FARR, an
individual; and BRYAN
BRANDENBURG, an individual.

Defendants.

Case No. 14-cv-1865 AJB(JMA)

ORDER GRANTING JOINT
MOTION TO DISMISS
DEFENDANT NEWSPAPER
AGENCY AND ESTABLISH
TERMS AND CONDITIONS OF
DISMISSAL

(Doc. No. 28)

21

Having considered the joint motion filed by Plaintiff San Diego Comic

22

Convention and Defendant Newspaper Agency Company, LLC ("Newspaper

23

Agency") to dismiss this action as to Defendant Newspaper Agency only, without

24

prejudice and pursuant to the terms and conditions stated therein, the Court hereby

25

**GRANTS** the joint motion.  (Doc. No. 28.)

26

27

28

Good cause appearing, IT IS HEREBY ORDERED:

1.      Newspaper Agency shall not challenge the validity of the following service marks identified in Plaintiff's Complaint, which shall hereinafter be collectively referred to as the "COMIC-CON Marks," in any proceeding or matter before any court of law, the United States Patent & Trademark Office, the Trademark Trial and Appeals Board, or any other adjudicative agency whatsoever:

a.      which is the subject of U.S. Service Mark Reg. No. 3,221,808

b.  COMIC-CON    which is the subject of U.S. Service Mark Reg. No. 3,219,568

c.  COMIC CON INTERNATIONAL  which is the subject of U.S. Service Mark Reg. No. 2,218,236

d.  ANAHEIM COMIC-CON  which is the subject of U.S. Service Mark Reg. No. 4,425,806

2.      Newspaper Agency shall not assist any other person in any proceeding before any court of law, the United States Patent & Trademark Office, the Trademark Trial and Appeals Board, or any other adjudicative agency whatsoever, in which a person (1) challenges the validity of any of the COMIC-CON Marks, or (2) contends that he or she has not infringed the COMIC-CON Marks. Notwithstanding the foregoing, Newspaper Agency may respond to valid subpoenas, court orders, or other governmental requests for information concerning such issues.

3.      Newspaper Agency shall not use the COMIC-CON Marks, or any other marks that are confusingly similar to the COMIC-CON Marks, in connection with the production of any comic convention in any locale, or in connection with

ORDER REGARDING THE DISMISSAL OF
DEFENDANT NEWSPAPER AGENCY COMPANY
Case No. 14-cv-1865 AJB(JMA)

any goods or services associated therewith.  For example and without limitation, Newspaper Agency will not advertise its own services using the COMIC-CON Marks.

4.     Newspaper Agency shall not publish any news stories, editorials or press releases authored by any other Defendant named in this action that mention or refer to any dispute between Plaintiff and any other Defendant named in this action, including but not limited to the trademark dispute that is the subject of this action.

5.     Notwithstanding Paragraphs 3 and 4 above, Newspaper Agency may incidentally use the COMIC-CON Marks in connection with the publication of independent news stories regarding comic conventions.

6.     Nothing in this Order shall prohibit Newspaper Agency from engaging in its business services for third parties, including but not limited to, ticketing, advertising, facility logistics, website design and management, sourcing, budget and human resources, and information systems, for any third-party person or entity regardless of the marks used by such person or entity, including but not limited to the COMIC-CON Marks.  For example and without limitation, Newspaper Agency may advertise the products and services of third parties by publishing third-party advertisements that include the COMIC-CON Marks.  Nothing in this paragraph abrogates the responsibilities and prohibitions set forth in paragraphs 3 and 4 above.

7.     The Court hereby reserves jurisdiction to resolve any dispute arising with respect to this Order, including but not limited to Newspaper Agency's compliance with the terms and conditions enumerated above.   In any such proceeding, Newspaper Agency shall submit to the personal jurisdiction of this Court without challenge.  Newspaper Agency retains the right, however, to assert

that this Court lacks jurisdiction over it in any proceeding other than the instant action.

8.     This Order may be modified as required by agreement of the parties hereto or as required by the interests of justice.

9.     This Order shall remain in force and effect indefinitely and shall survive the dismissal of this action.

10.    If Plaintiff re-asserts claims against Newspaper Agency arising out of the same facts asserted in this action, this Order shall be of no further effect and Newspaper Agency shall retain all defenses and rights concerning such claims.

11.    If the mark COMIC-CON is determined to be generic or it is determined that Plaintiff has abandoned the COMIC-CON mark, in a final non-appealable ruling or judgment, by this or any other court of competent jurisdiction in the United States, paragraphs 3 and 4 above shall be of no further effect.

12.    Subject to foregoing terms and conditions, this action is hereby dismissed without prejudice as to Defendant Newspaper Agency Company only. Other Defendants named in this action do not join and are not affected by this Order.

**IT IS SO ORDERED**.

Dated:     January 9, 2015

Hon. Anthony J. Battaglia
U.S. District Judge

ORDER REGARDING THE DISMISSAL OF
DEFENDANT NEWSPAPER AGENCY COMPANY
Case No. 14-cv-1865 AJB(JMA)