CALLIE A. BJURSTROM (STATE BAR NO. 137816)
PETER K. HAHN (STATE BAR NO. 165692)
MICHELLE A. HERRERA (STATE BAR NO. 209842)
PILLSBURY WINTHROP SHAW PITTMAN LLP
501 West Broadway, Suite 1100
San Diego, CA 92101-3575
Telephone: (619) 234-5000
Facsimile: (619) 236-1995
Email:  callie.bjurstrom@pillsburylaw.com
        peter.hahn@pillsburylaw.com
        michelle.herrera@pillsburylaw.com

Attorneys for Plaintiff/Counterdefendant
SAN DIEGO COMIC CONVENTION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO COMIC CONVENTION, a California non-profit corporation,<br><br>  Plaintiff,<br><br>vs.<br><br>DAN FARR PRODUCTIONS, a Utah limited liability company; DANIEL FARR, an individual; and BRYAN BRANDENBURG, an individual.<br><br>  Defendants.<br><br>DAN FARR PRODUCTIONS, a Utah limited liability company; DANIEL FARR, an individual; and BRYAN BRANDENBURG, an individual.<br><br>  Counterclaimants,<br><br>vs.<br><br>SAN DIEGO COMIC CONVENTION, a California non-profit corporation,<br><br>  Counterdefendant, | Case No. 14-cv-1865 AJB(JMA)<br><br>**PLAINTIFF AND COUNTERDEFENDANT SAN DIEGO COMIC CONVENTION'S RESPONSE TO DEFENDANTS AND COUNTERCLAIMANTS' AMENDED COUNTERCLAIMS** |

Plaintiff/Counterdefendant San Diego Comic Convention ("SDCC") responds to the Amended Counterclaims of Defendants/Counterclaimants Dan Farr Productions, LLC, Daniel Farr and Bryan Brandenburg (collectively, "Defendants") as follows:

## COUNTERCLAIMS

SDCC admits that Defendants purport to assert counterclaims against SDCC. SDCC lacks sufficient knowledge or information to form a belief as to the remaining allegations set forth in this paragraph, and on that basis denies those allegations.

## NATURE OF ACTION

1. SDCC admits that Defendants purport to assert counterclaims against SDCC under the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, trademark laws under 15 U.S.C. §1051, 1114, 1125(a) and 1119. SDCC lacks sufficient knowledge or information to form a belief as to the remaining allegations set forth in this paragraph, and on that basis denies those allegations.

## PARTIES, JURISDICTION AND VENUE

2. SDCC lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 2, and on that basis denies those allegations.

3. SDCC lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 3, and on that basis denies those allegations.

4. SDCC lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 4, and on that basis denies those allegations.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

## GENERAL ALLEGATIONS

9. Admitted.

10. SDCC lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 10, and on that basis denies those allegations.

11. SDCC lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 11, and on that basis denies those allegations.

12. Denied.

13. Denied.

14. Denied.

15. SDCC lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 15, and on that basis denies those allegations.

16. Denied.

## FIRST CAUSE OF ACTION

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

17. Paragraph 17 of the Counterclaim contains no allegations to which a response is required. To the extent that Paragraph 17 of the Counterclaim is deemed to contain any allegations, SDCC's responses to such allegations are the same as those set forth in Paragraphs 1 through 16 above and incorporated herein by this reference.

18. Admitted.

19. SDCC lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 19, and on that basis denies those allegations.

20. SDCC lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 20, and on that basis denies those allegations.

1    21.   SDCC lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 21, and on that basis denies those allegations.

22.   SDCC lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 22, and on that basis denies those allegations.

23.   SDCC lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 23, and on that basis denies those allegations.

## SECOND CAUSE OF ACTION

## DECLARATORY JUDGMENT OF TRADEMARK INVALIDITY AND CANCELLATION

24.   Paragraph 24 of the Counterclaim contains no allegations to which a response is required.  To the extent that Paragraph 24 of the Counterclaim is deemed to contain any allegations, SDCC's responses to such allegations are the same as those set forth in Paragraphs 1 through 23 above and incorporated herein by this reference.

25.   Denied.

26.   Denied.

27.   Denied

28.   Admitted.

29.   SDCC lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 29, and on that basis denies those allegations.

30.   SDCC lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 30, and on that basis denies those allegations.

31.   SDCC lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 31, and on that basis denies those allegations.

# PRAYER FOR RELIEF

No response is required to Paragraphs 1 through 6 of the Prayer for Relief, which sets forth the relief requested by Counterclaimants. SDCC denies any and all allegations contained in the Prayer for Relief, and specifically denies that Counterclaimants are entitled to any of the relief requested.

# DEMAND FOR JURY TRIAL

SDCC admits that Counterclaimants have demanded a jury trial as to all issues so triable.

# AFFIRMATIVE DEFENSES

Without admitting any of the allegations contained in the Counterclaim, SDCC hereby alleges the following affirmative defenses.

# FIRST AFFIRMATIVE DEFENSES
## (Failure to State a Cause of Action)

The Counterclaim, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against SDCC.

# SECOND AFFIRMATIVE DEFENSES
## (Estoppel)

Counterclaimants are estopped by their conduct and actions from asserting any and all claims for damages or equitable relief, whether as alleged in the Counterclaim or otherwise.

# THIRD AFFIRMATIVE DEFENSE
## (Unclean Hands)

To the extent Counterclaimants seek relief based upon equitable principles, the relief sought is barred by the Counterclaimants' unclean hands and shared fault.

## FOURTH AFFIRMATIVE DEFENSE
## (No Trademark Rights)

Counterclaimants have no valid rights to or interest in the trademarks at issue in this action, and therefore have no right to seek declaratory relief with respect to their use of the same.

## FOURTH AFFIRMATIVE DEFENSE
## (Incontestable Marks)

Some or all of Counterclaimants' claims that SDCC's marks at issue in this action are invalid or unenforceable and that Counterclaimants have not infringed SDCC's marks are barred because the marks are incontestable pursuant to 15 U.S.C. §1065.

## FIFTH AFFIRMATIVE DEFENSE
## (Laches/Estoppel/Acquiescence)

Counterclaimants are not entitled to maintain this suit or any action for non-infringement by reason of estoppel or laches.  SDCC's trademarks that are the subject of this action have been in open, continuous and extensive use before Counterclaimants began using the same or similar marks, and before they filed their Counterclaim.  All such use has been within the knowledge of Counterclaimants, with no attempt by Counterclaimants to obtain any judicial determination of their alleged rights to use the marks.  SDCC relied to its detriment upon Counterclaimants' acquiescence and delay, and has invested substantial resources in promotion and advertising of its marks.  Therefore, Counterclaimants are estopped to allege that their use of SDCC's marks, or marks similar thereto, do not infringe SDCC's federal trademark rights.

## SIXTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

SDCC is informed and believes and thereon alleges that the Counterclaim, and each cause of action thereof, is barred by the statutes of limitation applicable to the present action.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to do Equity)

Counterclaimants are not entitled to any equitable relief because of their failure to do equity in the matters alleged in the Counterclaim.

## EIGHTH AFFIRMATIVE DEFENSE

### (Hardship)

The relief requested by Counterclaimants would cause unreasonable hardship on SDCC.

## NINTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Without admitting that the Counterclaimants have been damaged or are entitled to any relief in this action, SDCC alleges that Counterclaimants have a complete and adequate remedy at law and are not entitled to equitable relief in this action.

## TENTH AFFIRMATIVE DEFENSE

### (Compliance With Applicable Laws)

Counterclaimants' claims are barred in whole or in part by reason of SDCC's compliance with all applicable laws, statutes and regulations.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Mitigation)

SDCC are informed and believe and thereon allege that Counterclaimants' alleged damages, if any, are the result, in whole or in part, of

Counterclaimants' failure to exercise reasonable care to reduce or mitigate their damages.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Entitlement to Attorneys' Fees)

Counterclaimants have failed to allege an adequate basis upon which to seek attorneys' fees.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

SDCC presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. SDCC reserve herein the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, SDCC pray:

1. That Counterclaimants' Counterclaim be dismissed with prejudice, that Counterclaimants take nothing by this action and that judgment be entered against Counterclaimants and in favor of SDCC;

2. For costs of suit;

3. For attorneys' fees; and

4. For such other and further relief as the Court deems just and proper.

Dated: October 26, 2015

PILLSBURY WINTHROP SHAW PITTMAN LLP

By  */s/Peter K. Hahn*
Peter K. Hahn
Attorneys for Plaintiff/Counterdefendant
SAN DIEGO COMIC CONVENTION

4810-6182-5577.v1

| | |
|---|---|
| CALLIE A. BJURSTROM (STATE BAR NO. 137816)<br>PETER K. HAHN (STATE BAR NO. 165692)<br>MICHELLE A. HERRERA (STATE BAR NO. 209842)<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>501 West Broadway, Suite 1100<br>San Diego, CA 92101-3575<br>Telephone: (619) 234-5000<br>Facsimile: (619) 236-1995<br>Email: callie.bjurstrom@pillsburylaw.com<br>　　　peter.hahn@pillsburylaw.com<br>　　　michelle.herrera@pillsburylaw.com<br><br>Attorneys for Plaintiff/Counterdefendant<br>SAN DIEGO COMIC CONVENTION | |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO COMIC CONVENTION, a California non-profit corporation,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>DAN FARR PRODUCTIONS, a Utah limited liability company; NEWSPAPER AGENCY COMPANY, a Utah limited liability company; DANIEL FARR, an individual; and BRYAN BRANDENBURG, an individual.<br><br>　　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No. 14-cv-1865 AJB(JMA)<br><br>PROOF OF SERVICE |

4825-3914-5770.v1

- 1 -

PROOF OF SERVICE
Case No. 14-cv-1865 AJB (JMA)

I declare as follows:

I am an attorney with the law firm of Pillsbury Winthrop Shaw Pittman LLP, whose address is 501 W. Broadway, Suite 1100, San Diego, CA 92101-3575.  I am a member of the bar of this court, over the age of eighteen years and not a party to this action.

On October 26, 2015, I caused the following to be served:

1.  **PLAINTIFF AND COUNTERDEFENDANT SAN DIEGO COMIC CONVENTION'S RESPONSE TO DEFENDANTS AND COUNTERCLAIMANTS' AMENDED COUNTERCLAIMS**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

| |
|---|
| Callie A. Bjurstrom, callie.bjurstrom@pillsburylaw.com |
| Peter K. Hahn, peter.hahn@pillsburylaw.com |
| Michelle Ann Herrera, michelle.herrera@pillsburylaw.com |
| Charles James Veverka, cveverka@mabr.com |
| Rachael Jacques, rjacques@mabr.com |
| Sterling A. Brennan, sbrennan@mabr.com |
| Tyson K. Hottinger, thottinger@mabr.com |

**Manual Notice List**

The following is the list of attorneys who are not on the list to receive e-mail notices for this case (who therefore require manual noticing).

No manual notice.

1  I declare that I am employed in the office at whose direction the service
2  was made.
3  Dated:  October 26, 2015    PILLSBURY WINTHROP SHAW PITTMAN LLP

  By: */s/Peter K. Hahn*
  Peter K. Hahn