UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO COMIC-CONVENTION, etc.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DAN FARR PRODUCTIONS, etc., et al.,<br><br>　　　　　　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIM. | Case No.: 14CV1865 AJB (JMA)<br><br>**ORDER REGARDING JOINT MOTIONS FOR DETERMINATION OF DISCOVERY DISPUTE**<br>**[ECF Nos. 72, 73]** |

Presently before the Court are two joint motions for determination of discovery dispute brought by Plaintiff/Counter-Defendant San Diego Comic-Con ("SDCC") and Defendant/Counterclaimant Dan Farr Productions, LLC ("DFP"). (ECF Nos. 72, 73.)  The Court hereby **ORDERS** as follows:

**A.    DFP's Responses to SDCC's First Set of Requests for Production of Documents**

Request No. 25:  This request seeks "all YouTube videos concerning" Salt Lake Comic Con.  DFP can only be required to produce information in its possession, custody, or control.  See Fed. R. Civ. P. 34(a)(1).  Thus, to the extent this request seeks the production of videos about Salt Lake Comic Con

posted by third parties, the request is overbroad.  Moreover, such videos are equally accessible by SDCC via YouTube as they are by DFP.  As for videos created or controlled by DFP, DFP has responded that its YouTube videos concerning Salt Lake Comic Con are located online and are publically available.  DFP does not download or store an archive of YouTube videos, and states that if someone at DFP wanted a copy of a YouTube video related to Salt Lake Comic Con, he or she would be required to locate and access it through ordinary public internet access.  Jacques Decl., ¶¶ 6-7.  SDCC has provided no argument or reason it cannot obtain the information it seeks by accessing the videos on YouTube.  Therefore, SDCC's request for an order compelling DFP to produce YouTube videos concerning its Salt Lake Comic Convention is <u>denied</u>.

<u>Request Nos. 26, 40, 42, and 44</u>:  Request No. 26 seeks "communications by anyone" concerning Salt Lake Comic Con including communications appearing on "third party websites, on your website, weblogs, Facebook page, Twitter page, or any form of social media."  Request Nos. 40, 42, and 44 seek "all complaints, comments or postings" concerning the 2013, 2014, and 2015 Salt Lake Comic Cons, respectively, posted on DFP's website, Facebook page, or Twitter feed.  The Court first observes that Request No. 26, as phrased, is extremely overbroad as it seeks information not in DFP's possession, custody, or control, as well as information that is equally available online to both parties.  Moreover, communications made on sites and accounts controlled by DFP, including its Salt Lake Comic Con website, Facebook page, Twitter account, and other social media, are, in large part, publically available and thus equally accessible online by SDCC as they are by DFP.  Joint Mot. at 1-2.

As for communications concerning Salt Lake Comic Con that are not publically available, DFP does not contend such information should not be produced; rather, it argues SDCC should be required to inspect such information in its offices in Salt Lake City.  Joint Mot. at 10.  This proposal, however, is not

consistent with Rule 1, which requires "the just, speedy, and inexpensive determination of every action and proceeding," nor does it recognize the current and commonplace practice of producing copies of documents or electronically stored information in lieu of permitting inspection of such items.  See Fed. R. Civ. P. 34 (Advisory Committee Notes, 2015 Amendment).  SDCC has provided a copy of Facebook's procedures for accessing Facebook data, which provide that a user can download the data on its account, including information hidden from public view such as chats, items hidden from a user's news feed, and messages.  Herrera Decl., Ex. 1.  This appears to be the least burdensome, cost-efficient, and orderly means for DFP to produce the information sought by SDCC.  Therefore, the Court orders DFP to download all communications regarding Salt Lake Comic Con made on its Facebook page that are restricted from public view, and produce such information to SDCC by January 13, 2017.

SDCC has also provided a copy of Twitter's procedures for users to access their Twitter data.  Herrera Decl., Exs. 2, 4.  The Court believes the only items on DFP's Salt Lake Comic Con Twitter account that are not publically accessible by SDCC are "direct messages," which are private.  The Court orders DFP to access, download, and produce to SDCC its direct messages made via Twitter relating to Salt Lake Comic Con.  DFP shall also employ any similar procedures to obtain and produce information not publically accessible on its other Salt Lake Comic Con social media accounts by January 13, 2017.

Based on the record before the Court, it does not appear possible to order DFP to produce communications made on its Salt Lake Comic Con Facebook page which were subsequently deleted.  According to Facebook, "You will not find information or content that you have deleted because this is deleted from Facebook's servers."  Herrera Decl., Ex. 1.  And, according to DFP, "it does not maintain records of complaints, comments or postings that are posted on the Salt Lake Comic Con website, Facebook page, or Twitter feed, apart from what is

located online and publically available."  Resp. to Req. for Prod. Nos. 40, 42, 44.

### B. SDCC's Responses to DFP's First Set of Requests for Production of Documents

<u>Request Nos. 40 and 50</u>:  These requests seek documents reflecting "any lessening of good will or brand degradation" and "any lost revenue" experienced by SDCC as a result of Salt Lake Comic Con.  SDCC states it has already agreed to produce some documents that fall within the scope of these requests through its responses to other document requests propounded by DFP.  Joint Mot. at 13.  For example, it has agreed to produce documents reflecting complaints SDCC received from attendees of Salt Lake Comic Con who believed the parties' conventions were related, and other reports of confusion.  <u>Id.</u>  Although other responsive documents apparently exist, SDCC has declined to produce them because the requests seek information that will be the subject of expert testimony to be disclosed at the time and in the matter set forth in the scheduling order.  <u>Id.</u> at 14-15.  SDCC states, "It is unduly burdensome and patently unfair . . . to demand that SDCC produce this information now before its experts have even had an opportunity to determine which documents are relevant to their opinions."  <u>Id.</u> at 15.  The Court disagrees.  Any nonprivileged documents or ESI responsive to these requests are relevant to the claims and defenses in this case and should be produced now notwithstanding that they may eventually become the source of expert opinion and testimony.  SDCC shall produce any such documents by <u>January 13, 2017</u>.

<u>Request Nos. 54-63</u>:  These requests seek documents reflecting complaints, requests for refunds, actual refunds, and complaints or investigations undertaken by any governmental entity regarding SDCC's conventions.  DFP seeks this information in order to establish that complaints and negative experiences can occur at any convention, including SDCC's own conventions.  Joint Mot. at 10.  DFP further contends it is "hypocritical" and "predatory" for

SDCC to seek production of these categories of documents from DFP while objecting to requests for production of the same types of documents from DFP. The Court wholeheartedly disagrees. The issue in this case is whether SDCC was injured by reason of DFP's conduct vis-à-vis Salt Lake Comic Con. Any complaints, requests for refunds, actual refunds, or investigations undertaken regarding SDCC's conventions have no bearing on this issue. As these requests seek information that is irrelevant to the claims and defenses in this case, DFP's request for an order compelling the production of documents in response to these requests is <u>denied</u>.

<u>Meet and Confer Requirement</u>:  As set forth in the undersigned's Chambers Rules:

> The Court expects strict compliance with the meet and confer requirement, as it is the experience of the Court that the vast majority of disputes can be resolved by means of that process. Counsel must **thoroughly** meet and confer and shall make every effort to resolve all disputes without the necessity of court intervention.

It is not clear to the Court that the parties with complied with this requirement. The Court emphasizes the parties must thoroughly comply with the meet and confer requirement and make every effort to resolve any disputes without the necessity of court intervention.

**IT IS SO ORDERED**.

Dated:  January 6, 2017

_____
Honorable Jan M. Adler
United States Magistrate Judge