UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO COMIC CONVENTION, a California non-profit corporation,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DAN FARR PRODUCTIONS, a Utah limited liability company; DANIEL FARR, an individual; and BRYAN BRANDENBURG, an individual,<br><br>　　　　　　　　　　　　　Defendants. | Case No.: 14-cv-1865 AJB (JMA)<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER;**<br><br>**(2) DENYING DEFENDANTS' MOTION FOR LEAVE TO TAKE THREE DEPOSITIONS;**<br><br>**(3) DENYING PLAINTIFF'S MOTION FOR SANCTIONS; AND**<br><br>**(4) GRANTING PLAINTIFF AND DEFENDANTS' MOTIONS TO SEAL**<br><br>(Doc. Nos. 121, 126, 127, 129, 132, 137, 143) |

On July 14, 2017, the Court held a hearing on the various motions filed by both Plaintiff San Diego Comic Convention ("Plaintiff") and Defendants Dan Farr Productions, Daniel Farr, and Bryan Brandenburg (collectively referred to as "Defendants"). Following

the discussion and arguments from both parties, the Court **ORDERS** as follows:

(1) Finding good cause that warrants the sealing of certain documents, the Court **GRANTS** Plaintiff's motions to seal, (Doc. Nos. 127, 143), and **GRANTS** Defendants' motions to seal. (Doc. Nos. 121, 137.)

(2) As to Plaintiff's motion for a protective order, (Doc. No. 126), the Court **GRANTS IN PART AND DENIES IN PART**[1] Plaintiff's request. Plaintiff seeks to proscribe Defendants from making any of the following statements:

(1) Any false or misleading statement about SDCC or any of its board members;

(2) Any false or misleading statement about the merits of this dispute;

(3) Any statement that accuses, suggests, implies, or states that SDCC lied and/or committed fraud (other than in documents to be filed with the Court);

(4) Any statement about the genericness of the term comic con (other than in documents to be filed with the Court);

(5) Any statement about whether the term comic con is descriptive;

(6) Any statement about whether SDCC abandoned any trademark rights (other than in documents to be filed with the Court).

(*Id.* at 12–13.) The Court finds that Plaintiff's first two requests are an unconstitutional prior restraint. Accordingly, the Court **DENIES** Plaintiff's motion for a protective order as to statements one and two. In reference to statements three, four, five, and six, based on the circumstances surrounding this case, and the evidence that the venire is being influenced through social media dialogue, the Court **GRANTS** Plaintiff's motion for a protective order and issues a suppression order that prohibits Defendants from making comments on topics that relate to statements three through six listed above. The Court's suppression order is however issued with

---

[1] The Court notes that a formal suppression Order will be filed by the end of next week, July 21, 2017.

2

14-cv-1865 AJB (JMA)

the following variations and adjustments:

 (a) As to statement five, the Court inserts the same qualifier present in statement three, four, and six. Thus, statement five will read "Any statement about whether the term comic con is descriptive <u>other than in documents to be filed with the Court</u>)";

 (b) If Defendants wish to post, share, publish, or link <u>public documents</u> that relate to this case to any of their social media platforms or websites, they are **ORDERED** to publicize the documents in full or share a link to the full document. Defendants are <u>not to enhance the post with any comments, opinions, editorials or conclusions</u> that relate to the foregoing statements that have been deemed suppressed by this Order;

 (c) At the hearing, Defendants requested that the suppression order be made reciprocal. Thus, it is noted that if Plaintiff is to engage in any comparable conduct that is the subject of its own protective order, the instant suppression order will be similarly applied to them forthwith; and

 (d) Defendants are **ORDERED** to note on the Salt Lake Comic Con website that the Court has ordered that no editorial comments, opinions, or conclusions about the litigation may be made on social media and that no highlights or summaries of the status of the proceedings or the evidence presented will be made on social media. This disclaimer is to be placed prominently on the home page of the Salt Lake Comic Con website, social media site, and any print or broadcast advertisement or press release that makes reference to San Diego Comic Con or this dispute. Defendants are to place this disclaimer on their websites by **<u>July 20, 2017, at 2:00 p.m.</u>**

(3) In the interests of judicial economy, the Court **DENIES** Plaintiff's motion for sanctions. (Doc. No. 129.) However, the Court cautions Defendants that any future

|   |   |
|---|---|
| 1 | violation of this Order and any of its terms will warrant strong sanctions against |
| 2 | them, including but limited to contempt proceedings; |
| 3 | (4) Defendants filed a motion for leave to take the depositions of Dr. Kennedy, |
| 4 | Matthew G. Ezell, and Brian Powers after the deadline set by the Court. (Doc. No. |
| 5 | 132-1.) After carefully reviewing the evidence and listening to the arguments from |
| 6 | both sides, the Court **DENIES** Defendants' motion finding no good cause or any |
| 7 | diligence that rises to the level of the extraordinary relief requested by them; |
| 8 | (5) The Court notes that the protective order put in place on January 20, 2016, is still |
| 9 | in effect. (Doc. No. 46.) Based upon this and the conversations in Court, Defendants |
| 10 | agreed that Doc. No. 139 was mistakenly filed and thus the Clerk of Court was |
| 11 | instructed to strike this document. Similarly, Doc. No. 108-1 was also stricken; and |
| 12 | (6) The Court's Order in Docket No. 46, paragraph 3, remains in full force and effect. |
| 13 | Defendants are **ORDERED** to take down any confidential documents that have been |
| 14 | posted, linked, shared, or disseminated through their social media platforms |
| 15 | including, but not limited to, their websites, Facebook, or Twitter by Tuesday **July** |
| 16 | **19, 2017, at 4:00 P.M.** and to give notice to the Court once all documents under the |
| 17 | protective order have been removed. |

**IT IS SO ORDERED**.

Dated: July 18, 2017

Hon. Anthony J. Battaglia
United States District Judge