UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO COMIC CONVENTION, a California non-profit corporation,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DAN FARR PRODUCTIONS, a Utah limited liability company; DANIEL FARR, an individual; and BRYAN BRANDENBURG, an individual,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 14-cv-1865 AJB (JMA)<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANTS' MOTIONS TO SEAL; AND**<br><br>**(2) DENYING DEFENDANTS' MOTION TO (1) AMEND THE PLEADING, (2) EXCEED THE 10-DEPOSITION LIMIT, AND (3) AMEND SCHEDULING ORDER**<br><br>(Doc. Nos. 154, 178, 179) |

　　　　Presently before the Court is Defendants Dan Farr Productions, Daniel Farr, and Bryan Brandenburg's motions to seal and motion to amend the pleading, exceed the ten deposition limit, and amend the scheduling order. (Doc. Nos. 154, 179, 180.) Plaintiff San Diego Comic Convention ("Plaintiff") opposes the motion. (Doc. No. 135.) Upon review of the parties' arguments and moving papers, the Court finds the motions suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. Accordingly, the motion hearing date set for August 3, 2017, at 10:00 A.M. is

1

**VACATED**. As explained in more detail below, the Court **GRANTS** Defendants' motions to seal and **DENIES** Defendants' motion to amend.

## BACKGROUND

The Court assumes familiarity with the alleged facts and thus will not repeat the factual background of the present matter. However, for purposes of these motions the Court finds it beneficial to review the procedural posture of the instant case.

On August 7, 2014, Plaintiff filed a complaint against Defendants asserting causes of action for (1) federal trademark infringement; and (2) false designation of origin. (Doc. No. 1.) On September 22, 2014, Defendants filed their answer to the complaint with a counterclaim against Plaintiff. (Doc. No. 16.) On November 7, 2014, Defendants filed an amended answer to the complaint. (Doc. No. 27.)

Thereafter, on March 24, 2017, Magistrate Judge Jan M. Adler granted the parties' joint motion to extend certain discovery-related deadlines in the October 26, 2016 amended scheduling order. (Doc. No. 83.) The deadline that is relevant to the instant motion is the discovery cut-off deadline that was extended from May 19, 2017, to June 9, 2017. (*Id.* at 2.) The final date to amend the pleadings, or to file additional pleadings was October 5, 2015. (Doc. No. 38 at 2; Doc. No. 135 at 7.) On June 23, 2017, the last day for dispositive motions to be filed, Defendants filed the present matter, their motion to amend the pleading, exceed the ten deposition limit, and amend the scheduling order. (Doc. No. 108-1.)[1] Additionally, on the same day, both parties filed motions for summary judgment and motions to exclude. (Doc. Nos. 91, 95, 99, 100, 106.)

///

///

---

[1] This motion was first filed as Doc. No. 108-1. However, on July 14, 2017, the Court struck this document for failure to adhere to the protective order. (Doc. No. 152.) Accordingly, on July 26, 2017, Defendants filed the motion again but under seal, (Doc. No. 179-1), and filed the redacted version onto the docket, (Doc. No. 180). For the remainder of this Order, the Court will refer to the sealed motion—Doc. No. 179-1.

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 15, leave to amend should be "freely" given when "justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation and internal quotation marks omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Id*. at 182. Additionally, "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

**DISCUSSION**

**I. Motion to Seal**

As a threshold matter, the Court first turns to Defendants' motions to seal the present motion[2], its reply brief, and exhibits 2, 3, 18, 19, and 21 to Daniel R. Barber's declaration in support of Defendants' reply. (Doc. Nos. 154, 178.) Defendants contend that their motions are warranted as Plaintiff has given protective designations to certain materials whose contents are revealed by the filings. (*Id*. at 2.)

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978). In order to overcome this strong

---

[2] The Court notes that the instant motion was already sealed pursuant to the Court's oral order during the motion hearing conference held on July 14, 2017. (Doc. No. 147 at 2.)

presumption in favor of public access, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh public policy favoring disclosure. *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

Here, wishing to protect the confidential information that is at issue in this case, while also seeking to uphold the sanctity of the parties' joint motion for a protective order, (Doc. No. 46), the Court concludes that Defendants have articulated compelling reasons to justify sealing the foregoing documents. *Foltz v. State Farm Mut. Auto Insurance Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Accordingly, the Court **GRANTS** Defendants' unopposed motions to seal their motion to amend, their reply brief, and exhibits 2, 3, 18, 19, and 21 to Mr. Barber's declaration. *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) (holding that when a district court grants a protective order to seal documents during discovery, it has already determined that good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality).

**II.  Defendants' Motion to Amend**

    A.    <u>"Good Cause" Under Rule 16(b)(4)</u>

The Court first turns to whether Defendants should be granted leave to amend their pleadings under Federal Rule of Civil Procedure 16.[3] *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992) (holding that once the district court has filed a pretrial scheduling order, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a)). Plaintiff asserts that Defendants cannot establish good cause as their proposed amended pleading relies on allegations that have been matters of public record since the beginning of this case. (Doc. No. 135 at 10.)

Under Rule 16 "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "A court's evaluation of good cause is not

---

[3] Any further mention of "Rule" in the remainder of this Order is in reference to the Federal Rules of Civil Procedure.

coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Id*. (quoting *Forstmann v. Culp*, 144 F.R.D. 83, 85 (M.D.N.C. 1987). Moreover, unlike Rule 15(a)'s liberal amendment policy which focuses on several different factors including the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. *See* Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment (holding that the district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension"); *see also Alvarado Orthopedic Research, L.P. v. Linvatec Corp.*, Civil No. 11cv0246 IEG (RBB), 2012 WL 6193834, at *2 (S.D. Cal. Dec. 12, 2012) (same) (citation omitted).

Here, Defendants have failed to demonstrate "good cause" for their untimely motion to amend. Defendants argue that it wasn't until Ms. Desmond's[4] declaration at the end of May 2017 that it became apparent the full extent of Plaintiff's alleged knowledge of their suspected false declaration to the Patent and Trademark Office ("PTO"). (Doc. No. 179-1 at 3.) However, the Court finds this argument meritless. First, the Court notes that Defendants admit that even before Plaintiff "ramped up its document production," Defendants had in their possession, the declarations and documents they needed to allege their new defense and counterclaim. (*Id*. at 5.) Thus, if Defendants were aware of their new defense and counterclaim at an earlier date, but continued to litigate the case without requesting an amendment, then such an omission is not compatible with a finding of diligence. *See Engleson v. Burlington N. R.R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992) (holding that carelessness is not compatible with a finding of diligence); *see also Thomas v. McDowell*, Civil Action No. 2:10-cv-0152, 2012 WL 5601198, at *4 (S.D. Ohio Nov. 15, 2012) (holding that a change in litigation strategy does not set forth good cause under Rule 16).

Moreover, Defendants had an obligation to attend to these matters in a manner that

---

[4] Ms. Desmond is Plaintiff's Executive Director. (Doc. No. 179-1 at 3.)

5

14-cv-1865 AJB (JMA)

comports with "coherent case development planning" that "avoid[s] the delays and the wasteful repetition of discovery events . . . ." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (quoting *Veranda Beach Club Ltd. P'ship v. Western Sur. Co.*, 936 F.2d 1364, 1371 (1st Cir. 1991)). Notably, the Court highlights that it agrees with Plaintiff that the information Defendants seek to use to plead their new defense was information publicly available even at the pre-trial stages of this litigation.[5]

Furthermore, the focus on Ms. Desmond and her state of mind is beside the point. A cause of action in fraud is properly pled when the pleading states the who, what, when, where, and how of the misconduct charged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) ("Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.") (citation and internal quotation marks omitted). Thus, case law clearly establishes that state of mind is not an essential element when pleading a claim of fraud. Accordingly, finding that discovery has ended and that Defendants waited almost two years after the final date to amend the pleadings had passed to file their motion, Defendants have failed to show diligence in seeking an extension. Thus, without a showing of good cause, Defendants' motion to amend under Rule 16 is **DENIED**.

B.    Leave to Amend Under Rule 15

Next, the Court turns to Defendants' motion to amend the pleading under Rule 15. (Doc. No. 179-1 at 4.) Defendants seek leave to add an affirmative defense asserting that Plaintiff procured its trademark registrations by fraud and a counterclaim for cancellation of its registration on the same ground. (*Id*. at 2.) Additionally, Defendants request the

---

[5]As Defendants demonstrate in their reply brief, Plaintiff was in conflict with Chicago Comic Con and New York Comic Con beginning in 1996 and 1998 respectively. (Doc. No. 155 at 4.)

ability to exceed the ten deposition limit in order to take the deposition of Peter K. Hahn[6] who they allege participated in the fraud. (*Id.*) Finally, to accommodate the motion, Defendants also seek a modification of the scheduling order. (*Id.*) Plaintiff retorts in opposition that leave to amend at this juncture would be inappropriate as there is no excuse for Defendants' delay, that amendment would be futile, and that allowing amendment this late would unfairly prejudice Plaintiff. (Doc. No. 135 at 9.)

As stated above, courts consider the following factors in determining whether to grant leave to amend: (1) whether the party seeking the amendment has acted in bad faith; (2) undue delay; (3) whether the opposing party will be unduly prejudiced; and (4) the futility of amendment. *Zoe Mktg., Inc. v. Impressons, LLC*, Case No. 14cv1881 AJB (WVG), 2015 WL 12216340, at *2 (S.D. Cal. Apr. 9, 2015) (citation omitted). The Court will take each factor in turn.[7]

a. *Bad Faith*

Bad faith exists when the moving party wishes to amend so as to "prolong the litigation by adding new but baseless legal theories." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999). This includes amendments that were filed frivolously or for an improper purpose. *Westlake N. Prop. Owners Ass'n v. City of Thousand Oaks*, 915 F.2d 1301, 1305 (9th Cir. 1990). Additionally, bad faith includes claims that were brought simply to harass the opposing party. *Juras v. Aman Collection Serv., Inc.*, 829 F.2d 739, 740 (9th Cir. 1987).

Plaintiff asserts that Defendants' request, which comes nearly three years into the case and after the close of discovery, is brought in bad faith. (Doc. No. 135 at 12.)

---

[6] Mr. Hahn is one of the attorneys for Plaintiff. (Doc. No. 155 at 2.)
[7] The Court notes that Defendants made no arguments to support their motion for leave to amend under Rule 15. Instead, Defendants stated that "[Plaintiff's] grounds for resisting amendment will not be known until it files its opposition, and [Defendants] will answer them on reply." (Doc. No. 179-1 at 4.) This type of piecemeal litigation that fails to address the elements of their own motion will not be entertained in the future.

Defendants make no arguments in rebuttal in their reply brief. (*See generally* Doc. No. 155.)

The Court notes that Defendants' motion is lacking any citation to exhibits or evidence on the record, the discussion section is at most only two pages long—with the entire motion being only five pages in length, and that Defendants incorrectly employ patent cases to support their motion. (*See generally* Doc. No. 179-1.) Additionally, despite claiming fraud on the trademark office, Defendants fail to cite to the correct legal standard to assess this type of claim.[8] (*Id*. at 5.) Furthermore, as previously discussed, Defendants assert that they had evidence of their new defense and counterclaim at the time Plaintiff "ramped" up its document production. (*Id*.) Consequently, the Court assumes that Defendants' inadequate motion that is based on information that was known at an earlier date was filed with "dilatory motive." *Compare, with Abels v. JBC Legal Grp. P.C.*, 229 F.R.D. 152, 156 (N.D. Cal. 2005) (holding that plaintiff did not act in bad faith as it did not appear that plaintiff knew about the additional defendant until March of 2005 and plaintiff quickly filed for leave to amend shortly thereafter). Based on the foregoing, the Court finds that the instant motion is a tactical play that gives an impression of bad faith. Thus, this factor weighs against amendment.

        b.    <u>Undue Delay</u>

"Undue delay is delay that prejudices the nonmoving party or imposes unwarranted burdens upon the court." *Fresno Unified School Dist. v. K.U. ex rel. A.D.U.*, 980 F. Supp. 2d 1160, 1176 (E.D. Cal. 2013). Prejudice results when amendment would unnecessarily increase costs or might diminish the opposing party's ability to respond to the amended pleading. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

---

[8] Notably, after Plaintiff cited to the correct legal standard in its opposition, Defendants devoted a portion of their reply brief to analyzing the elements that properly address a claim of fraud on the PTO. (Doc. No. 155 at 8–9.)

Plaintiff suggests that if Defendants are allowed to amend that it would need to reopen discovery and postpone trial to locate and depose other witnesses. (Doc. No. 135 at 16.) Additionally, Plaintiff argues that if the fraud claim is allowed to be pled that it would request the opportunity to file a dispositive motion as to this claim. (*Id.*) Defendants retort that Plaintiff would not need to conduct additional discovery and that the deposition of Mr. Hahn could be taken as quickly as three working days if Defendants' motion is granted. (Doc. No. 155 at 11.)

Despite the arguments presented by Defendants, the Court agrees with Plaintiff. A review of the facts and procedural posture of this case demonstrates that this motion is made on the eve of trial,[9] and after the motion to amend cut-off date. Furthermore, the Court reiterates that Defendants admit that they "had the declarations on which its additional defense and counterclaim would be predicated, and [they] already had evidence that [Plaintiff's] agents must have known there had been *some* third-party use." (Doc. No. 179-1 at 5.) This factor alone would lean against amendment. *See Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1159 (N.D. Cal. 2010) ("While delay alone does not justify the denial of leave to amend, 'late amendments to assert new theories are not reviewed favorably when the facts and theory have been known to the party seeking amendment since the inception of the cause of action.'") (internal citations omitted).

In sum, as the discovery deadline has passed, the trial date is near, and there are two motions for summary judgment yet to be decided, this factor weighs against granting Defendants' motion for leave to amend. *See Lockheed Martin Corp. v. Network Sol., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend."); *see also Hill v. Opus Corp.*, 841 F. Supp. 2d 1070, 1103–04 (C.D. Cal. 2011) (holding that when a motion to amend seeks to change a party's claims in close proximity

---

[9] Trial is set for November 28, 2017. (Doc. No. 124 at 1.)

to trial, permitting the amendment may delay the progress of the case and prejudice the opponent's ability to prosecute its case).

    c.    *Prejudice*

Plaintiff argues that amendment at this point in the litigation would require a significant shift in their trial preparation strategy. (Doc. No. 135 at 16.) Defendants assert that Plaintiff cannot claim prejudice because it withheld seminal documents until the very end of discovery. (Doc. No. 155 at 9–10.)

Prejudice in the context of Rule 15 has been recognized in instances where leave to amend was sought "several days before the discovery cut-off [date] and less than three months before trial was to commence." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming denial of leave to amend because proposed amendment included additional causes of action which would have required further discovery when discovery closed five days after filing motion for leave to amend).

The Court acknowledges Defendants' arguments, however, the Court highlights that Defendants' responses are bare bones arguments without any citation to case law or evidence on the record. (Doc. No. 155 at 9–10.) Thus, these unfounded assertions alleging that Plaintiff withheld documents amounts to nothing more than Defendants' own musings. Moreover, given that the discovery and amendment deadlines have passed, and this case is now three years old, the Court finds that any additional claims or defenses asserted will result in an immense prejudice to Plaintiff. *See Morongo Band of Mission Indians*, 893 F.2d at 1079 (affirming denial of leave to amend when "new claims set forth in the amended complaint would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense"). Moreover, based on the dubious value of the proposed amendment and the timing of the motion, the Court is "particularly critical of proposed amendments that appear to 'game' the system." *Fresno Unified School Dist.*, 980 F. Supp. 2d at 1177. Accordingly, this factor weighs against amendment.

///

d. *Futility*

A motion for leave to amend may be denied if it appears to be futile or legally insufficient. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986). In evaluating futility, courts apply the same standard used in considering a motion to dismiss under Rule 12(b)(6). *Stonebrae, L.P., v. Toll Bros., Inc.*, No. C-08-0221 EMC, 2010 WL 114010, at *1 (N.D. Cal. Jan. 7, 2010). It follows then, that in considering the proposed amendment, the Court must accept Defendants' allegations in the pleading as true. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).

Plaintiff challenges Defendants' motion on the grounds that their proposed amended pleading fails to allege all essential elements to support a claim of fraud on the PTO. (Doc. No. 135 at 12–15.) Defendants' proposed amendment wishes to add a defense of inequitable conduct and add a third cause of action for cancellation due to inequitable conduct. (Doc. No. 179-1 at 34, 39.)

Curiously, the Court notes that a defense of inequitable conduct is raised in patent infringement cases.[10] *See Mag Instrument, Inc. v. JS Prod., Inc.*, 595 F. Supp. 2d 1102, 1109 (C.D. Cal. 2008) (holding that inequitable conduct consists of several elements including "the failure to disclose known material information during the prosecution of a

---

[10] The Court agrees with Plaintiff that the proper standard to evaluate an alleged fraud on the PTO requires a particularized showing that if proven would establish that (1) there was in fact another use of the same or a confusingly similar mark at the time the oath was signed; (2) the other user had legal rights superior to the applicant's; (3) applicant knew that the other user had rights in the mark superior to applicant's, and either believed that a likelihood of confusion would result from applicant's use of its mark or had no reasonable basis for believing otherwise; and that (4) applicant, in failing to disclose these facts to the [PTO], intended to procure a registration to which it was not entitled. *Prof'l Choice Sports Med. Prod., Inc. v. Eurow & O'Reilly Corp.*, No. 13cv1484 AJB KSC, 2014 WL 524007, at *4 (S.D. Cal. Feb. 10, 2014) (citation omitted). The Court acknowledges that Defendants try to argue these elements in their reply brief. (Doc. No. 155 at 8–9.) However, the Court finds that any arguments relating to superior rights to the phrase "Comic Con" in all its forms may be argued in the various motions for summary judgment filed by both parties. Accordingly, the Court will not address these arguments in the present motion.

patent, coupled with the intent to deceive the PTO") (emphasis added); *see also Chiron Corp. v. Abbott Lab.*, 156 F.R.D. 219, 219 (N.D. Cal. 1994) (plaintiff brought the action against defendant for patent infringement and plaintiff moved to strike defendant's fourth affirmative defense of inequitable conduct). Defendants assert that their use of patent cases is meant to provide similar circumstances in which a court can find "good cause" to allow leave to amend. (Doc. No. 179-1 at 5.) However, Defendants provide no basis for this Court to assume that trademark and patent cases utilize the same legal standard when determining whether a fraud has been committed in an application to the PTO. This is especially true in light of the fact that Plaintiff illuminates a specific legal standard that is not referenced in the patent cases cited by Defendants. Consequently, even construing Defendants' proposed amendments as true and drawing all reasonable inferences therefrom in Defendants' favor, Defendants seek to allege a new defense that is wholly at odds with the current matter. Consequently, this factor weighs against amendment.

Based on the analysis above, the Court finds that all four factors weigh against allowing amendment. Accordingly, the Court **DENIES** Defendants' motion to amend the pleadings, exceed the ten deposition limit, and amend the scheduling order.

## CONCLUSION

As explained more fully above, the Court **GRANTS** Defendants' motions to seal the instant motion, their reply brief, and exhibits 2, 3, 18, 19 and 21 to Mr. Barber's declaration. Additionally, finding no "good cause" and that the Rule 15 factors weigh against amendment, the Court **DENIES** Defendants' motion to amend the pleading, exceed the ten deposition limit, and amend the scheduling order pursuant to Federal Rule of Civil Procedure 15 and 16.

**IT IS SO ORDERED**.

Dated: July 31, 2017

Hon. Anthony J. Battaglia
United States District Judge