UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO COMIC CONVENTION, a California non-profit corporation,<br><br>                                Plaintiff,<br><br>v.<br><br>DAN FARR PRODUCTIONS, a Utah limited liability company; DANIEL FARR, an individual; and BRYAN BRANDENBURG, an individual,<br><br>                                Defendants. | Case No.: 14-cv-1865 AJB (JMA)<br><br>**ORDER SUPPLEMENTING THE COURT'S JULY 18 AND 21, 2017 ORDERS** |

      On July 18 and 21, 2017, the Court issued two orders pertaining to Plaintiff San Diego Comic Convention's ("Plaintiff") motion for a protective order. (Doc. Nos. 147, 159.) Thereafter, Plaintiff filed its motion for an order to show cause why Defendants Dan Farr Productions, Daniel Farr, and Bryan Brandenburg (collectively referred to as "Defendants") should not be found in contempt of court for failing to comply with the Court's orders. (Doc. No. 207.) After reviewing the motion for contempt and the attached exhibits, the Court wishes to clarify the breadth of its previous orders. The Court notes that it issues this order without deciding the merits of Plaintiff's motion for contempt.

First, as previously advised, the application of the disclaimer[1] relates to any of the various media platforms that discuss the instant action—i.e. Salt Lake Comic Con's ("SLCC") Facebook, Defendants' individual Facebook pages, SLCC or Defendants' Twitter pages, broadcast advertisements, print or press releases, and SLCC's webpage etc.—and applies to <u>all of the Defendants</u> including Defendant Brandenburg.[2]

Second, the Court finds that the disclaimer is not set forth "prominently" on SLCC's website as ordered by the Court on July 18, 2017. (*See* Doc. No. 147 at 3.) The essence of the Court's previous order was for the disclaimer to be displayed in a place where a consumer would see it once it landed on Defendants' website. This being said, the Court clarifies that the disclaimer should be placed at the top of the SLCC website page, not at the bottom of the page where one would have to scroll down several lengths to reach it. For example, the Court directs Defendants to their SLCC Twitter page where the "cover picture" that is at the top of the page, has the disclaimer portion underneath the picture.

[3]

With the placement of a prominent disclaimer on the various media platforms, the Court

---

[1] The Court on July 18, 2017, ordered that Defendants were to note that the "Court has ordered that no editorial comments, opinions, or conclusions about the litigation may be made on social media and that no highlights or summaries of the status of the proceedings or the evidence presented will be made on social media" ("the disclaimer"). (Doc. No. 147 at 3.)

[2] The Court is cognizant that Defendant Brandenburg has posted the disclaimer in the "Details About Bryan" section of his personal Facebook page.

[3] SALT LAKE COMIC CON, https://twitter.com/slcomiccon?ref_src=twsrc%5Egoogle%7Ctwcamp%5Eserp%7Ctwgr%5Eauthor (last visited Aug. 24, 2017).

finds no need for any of the Defendants, including Defendant Brandenburg, to respond to incoming messages, posts, or discussions by reposting the disclaimer.

Thus, in seeking to continue to preserve the integrity of the judicial pool and wishing to honor the spirit of the Court's previous July 18 and 21, 2017 orders, the Court **ISSUES** this supplemental order. The Court reiterates that it issues this order without making any findings or conclusions in regards to Plaintiff's motion for contempt.

**IT IS SO ORDERED**.

Dated: August 24, 2017

Hon. Anthony J. Battaglia
United States District Judge