UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO COMIC CONVENTION, a California non-profit corporation,<br><br>                                Plaintiff,<br><br>v.<br><br>DAN FARR PRODUCTIONS, a Utah limited liability company; DANIEL FARR, an individual; and BRYAN BRANDENBURG, an individual,<br><br>                                Defendants. | Case No.: 14-cv-1865 AJB (JMA)<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANTS AND PLAINTIFF'S MOTIONS TO SEAL; AND**<br>**(DOC. NOS. 89, 93, 164, 170, 184, 188, 192, 209, 217, 219, 224, 227)**<br><br>**(2) DENYING AS MOOT DOCUMENTS 98, 160, AND 196** |

      Pending before the Court are both Plaintiff San Diego Comic Convention ("Plaintiff") and Defendants Dan Farr Productions, Daniel Farr, and Bryan Brandenburg's (collectively referred to as "Defendants") motions to file documents under seal. Pursuant to Civil Local Rule 7.1.d.1, the Court finds the matters suitable for decision on the papers and without oral argument. As explained more fully below, the Court **GRANTS** both parties' motions to seal, (Doc. Nos. 89, 93, 164, 170, 184, 188, 192, 209, 217, 219, 224, 227), and **DENIES AS MOOT** Defendants' duplicative motions to seal, (Doc. Nos. 98, 160, and 196).
1

14-cv-1865 AJB (JMA)

# BACKGROUND

The heart of this case revolves around Defendants' use of the unhyphenated form of Plaintiff's trademark "Comic-Con." (Doc. No. 97 at 10.)[1] Since 1970, Plaintiff, a non-profit organization, has held the Comic-Con Convention in San Diego, California celebrating comic art, books, and other aspects of the popular arts. (*Id*. at 9.) In total, Plaintiff holds four trademark registrations with the United States Patent and Trademark Office ("USPTO"): (1) COMIC-CON; (2) COMIC CON INTERNATIONAL; (3) for the word-plus-design mark that Plaintiff uses to advertise its products; and (4) for the word mark ANAHEIM COMIC-CON.[2] (Doc. No. 1 ¶ 13.) Defendants Bryan Brandenburg and Daniel Farr are co-founders of Defendant Dan Farr Productions. (Doc. No. 102 at 12.) On September 5, 2014, Defendants held the first Salt Lake Comic Con ("SLCC"). (Herrera Decl. Ex. 5 ("Farr Depo") 11:4–9, Doc. No. 95-7.) In sum, Plaintiff contends that Defendants have used "Comic Con" to advertise their event, which is identical to or confusingly similar to Plaintiff's family of trademarks. (Doc. No. 1 ¶ 18.)

On August 7, 2014, Plaintiff filed its complaint against Defendants asserting causes of action for (1) federal trademark infringement; and (2) false designation of origin. (Doc. No. 1.) On September 22, 2014, Defendants filed their answer to the complaint with a counterclaim against Plaintiff. (Doc. No. 16.) On June 23, 2017, the last day for dispositive motions to be filed, both parties filed the present matters, their motions to file documents under seal. (Doc. Nos. 89, 93, 164, 170, 184, 188, 192, 209, 217, 219, 224, 227.)

# LEGAL STANDARD

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one

---

[1] All pinpoint cites are in reference to the CM/ECF page number and not the number on the document.

[2] The marks are registered with the USPTO as U.S. Service Mark Registration Numbers 3,221,808; 3,219,568; 2,218,236; and 4,425,806. (Doc. No. 97 at 10.)

'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See Kamakana*, 447 F.3d at 1178–79. "In turn, the court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (citation omitted).

"After considering these interests, if the court decides to seal certain judicial records, it must 'base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id.* (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). However, where the material is, at most, "tangentially related" to the merits of the case, the request to seal may be granted on a showing of "good cause." *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

**DISCUSSION**

Plaintiff and Defendants have filed a tsunami of motions to seal that relate to their motions for summary judgment and motions to exclude still pending before the Court. The Court notes that the majority of the documents both parties seek to seal are based on the protective order filed on January 20, 2016. (Doc. No. 46.)

Plaintiff's request that the Court file under seal (1) its memorandum of points and authorities in support of their motion to exclude and exhibits three and four to the declaration of Michelle A. Herrera stating that they contain confidential financial information, (Doc. No. 89); (2) exhibits two through nine attached to the declaration of David Glanzer in support of its motion for summary judgment as it expresses in detail Plaintiff's efforts to enforce its trademark over the past several years, and contains confidential litigation and settlement strategies, (Doc. No. 93); (3) its opposition to Defendants' motion for summary judgment based on abandonment and estoppel, and exhibits 1, 4, 10, 11, 12, 13, 14, 18, 19 and 20 attached to the declaration of Callie

Bjurstrom as the documents consist of confidential agreements and correspondence regarding infringement claims and potential settlement discussions, (Doc. No. 170); (4) its reply to Defendants' opposition to Plaintiff's motion to exclude as it discloses confidential financial information, (Doc. No. 184); and (5) its reply to Defendants' opposition to its motion for summary judgment and exhibit one to the declaration of Michelle Herrera, as Defendants designated the transcript as confidential under the protective order, (Doc. No. 188).

Defendants request the Court seal (1) their motion for summary judgment based on genericness, abandonment, and estoppel, as well as exhibits 2, 3, 4, 5, and 7 to the declaration of Jessica D. Garcia and exhibits 4, 5, 6, 8, and 11 to the Declaration of Daniel R. Barber in support of their motion for summary judgment, (Doc. Nos. 217, 219); (2) their opposition to Plaintiff's motion for summary judgment as well as exhibits 2, 3, 4, 9, 10, 11, 12, 13, and 15 to the declaration of Rachel Jacques as Plaintiff's contend they contain sensitive and non-public information, (Doc. No. 224); (3) their opposition to Plaintiff's motion to exclude, and exhibits B, D, and E to Daniel Barber's declaration in support of their opposition, and the testimony of Jeffrey P. Kaplan, and Clarke B. Nelson, as these documents were given protective designations by Plaintiff, (Doc. No. 164); (4) their "corrected" declaration of Jessica D. Garcia in support of their motions for summary judgment, (Doc. No. 192); and (5) their reply in support of their motions for summary judgment, exhibits 2, 3, 4 to the declaration of Daniel R Barber, and the declaration of Daniel Farr, (Doc. No. 227).

In sum, the Court finds the sealing of the documents at issue appropriate in the instant matter. First, the Court notes that it is cognizant that the compelling reasons standard is a strict one. However, case law makes clear that motions to seal documents that will cause "competitive harm" to a business are generally weighed in favor of sealing. *See Apple Inc. v. Samsung Elec. Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding that the Ninth Circuit abused its discretion when it refused to seal "pricing terms, royalty rates, and guaranteed minimum

payment terms" found in a license agreement); *Nixon*, 435 U.S. at 598 (holding that "sources of business information that might harm a litigant's competitive standing" may give rise to a compelling reason to seal). Additionally, the Court highlights that in regards to the documents that were given protective designations by both Plaintiff and Defendants, it has already been determined that "good cause exists to protect [the] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) (internal quotation marks omitted).

Based on the foregoing, the Court finds that balancing the public's right of access to the listed documents does not outweigh the compelling and good reasons to seal. Accordingly, Plaintiff and Defendants' motions to seal are **GRANTED**.

Additionally, on August 8, 2017, the Court requested that Defendants file a supplemental appendix to aid the Court in locating the documents proffered by them. (Doc. No. 206.) Thereafter, Defendants filed their supplemental appendix under seal as some of the information cited to is designated confidential under the protective order. (Doc. No. 209.) Accordingly, for the same reasons stated above, the Court **GRANTS** Defendants' motion to seal their supplemental appendix.

On a final note, it is notable to clarify that the Court requested Defendants re-lodge all of their motions and exhibits as their citations did not correspond to the correct exhibit numbers on the docket.[3] Shortly thereafter, on August 29, 2017, Defendants filed a notice of withdrawal. (Doc. No. 232.) Unfortunately, Defendants' notice is faulty as it fails to withdraw all of the motions to seal that were replaced by the new lodgments. Thus, the

---

[3] The Court notes that Defendants attached over three thousand documents to their various motions. Thus, the need for correct citations was vital to aiding the Court in analyzing their arguments and supporting evidence.

Court is left with duplicative motions on the docket.[4] Accordingly, the Court **DENIES as MOOT** said motions to seal. (Doc. Nos. 98, 160, 196.)

### **CONCLUSION**

As explained more fully above, the Court **GRANTS** Defendants and Plaintiff's motions to seal, (Doc. Nos. 89, 93, 164, 170, 184, 188, 192, 209, 217, 219, 224, 227), and **DENIES as MOOT** Defendants' duplicative motions to seal, (Doc. Nos. 98, 160, 196).

Dated: August 30, 2017

Hon. Anthony J. Battaglia
United States District Judge

---

[4] The Court notes that it is not the Court's function or responsibility to properly lodge documents or manage the docket for Defendants. In the future, Defendants should take care to inspect their filings to ensure their accuracy before filing them with the Court.