1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAN DIEGO COMIC CONVENTION, a California non-profit corporation**,**<br><br>    Plaintiffs,<br><br>v.<br><br>DAN FARR PRODUCTIONS, a Utah limited liability company; DANIEL FARR, an individual; BRIAN BRANDENBURG, an individual**,**<br><br>    Defendants.<br>_____<br>AND ALL RELATED COUNTER-CLAIMS. | Case No.:  14cv1865 AJB (JMA)<br><br>**PRELIMINARY JURY INSTRUCTIONS** |

## 1.2 DUTY OF JURY

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

## 1.5 CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary, again, of the positions of the parties:

The Plaintiff in this case is San Diego Comic Convention ("SDCC").  The Defendants are Dan Farr Productions ("DFP"), and its members Daniel Farr and Bryan Brandenburg.

SDCC is a non-profit corporation that has held a comics and popular arts convention in San Diego each year since 1970.  SDCC contends that it has used the trademark "Comic-Con" in connection with its conventions for over 40 years.  SDCC owns four trademark registrations issued by the United States Patent and Trademark Office:  three for the word marks "Comic-Con," "Comic Con International" and "Anaheim Comic-Con," and one for "San Diego Comic Con International" with an eye logo design.

DFP has held comics and popular arts conventions in Salt Lake City each year since 2013.  DFP calls its conventions Salt Lake Comic Con and Salt Lake Comic Con FanXperience.

SDCC contends that Defendants have infringed its trademarks by using the "Comic Con" mark without SDCC's permission in connection with their comics and popular arts conventions.  SDCC further contends that Defendants' use of "Comic Con" falsely suggests an affiliation between SDCC and DFP.  SDCC also contends that Defendants' use of "Comic Con" in connection with the marketing, advertising, promotion, offering for sale and sale of their comic convention goods and services incorrectly suggests that Defendants' goods and services are

connected with, sponsored by, endorsed by, affiliated with or related to SDCC's goods and services, constituting a false designation of origin. SDCC alleges that Defendants' unauthorized use of its registered trademarks has caused harm to SDCC.

Defendants deny all of SDCC's claims. Defendants contend that "comic con" is the generic name for a comic convention and therefore not a valid trademark, that SDCC abandoned its marks, and that Defendants' use of the name "Salt Lake Comic Con" is not likely to cause confusion and does not infringe. Defendants also contend that they have not harmed SDCC and that SDCC's own conduct makes it unfair for SDCC to assert infringement.

**15.1 PRELIMINARY INSTRUCTION—TRADEMARK**

To help you understand the evidence that will be presented in this case, I will explain some of the legal terms you will hear during this trial.

### DEFINITION AND FUNCTION OF A TRADEMARK

A trademark is a word, name, symbol, or device, or any combination of these items that indicates the source of goods. The owner of a trademark has the right to exclude others from using that trademark or a similar mark that is likely to cause confusion in the marketplace. The main function of a trademark is to identify and distinguish goods or services as the product of a particular manufacturer or merchant and to protect its goodwill.

### HOW A TRADEMARK IS OBTAINED

A person acquires the right to exclude others from using the same mark or a similar mark that is likely to cause confusion in the marketplace by being the first to use it in the marketplace, or by using it before the alleged infringer. Rights in a trademark are obtained only through commercial use of the mark.

### TRADEMARK INTERESTS

The owner of a trademark may enter into an agreement that permits another person to use the trademark. This type of agreement is called a license, and the person permitted to use the trademark is called a licensee.

A trademark owner may enforce the right to exclude others in an action for infringement or false designation of origin.

TRADEMARK REGISTRATION

After the owner of a trademark has obtained the right to exclude others from using the trademark, the owner may obtain a certificate of registration issued by the United States Patent and Trademark Office. Thereafter, when the owner brings an action for infringement, the owner may rely solely on the registration certificate to prove that the owner has the right to exclude others from using the trademark or a similar mark that is likely to cause confusion in the marketplace in connection with the type of goods specified in the certificate. These presumptions in favor of the owner created by the certificate of registration can be overcome or rebutted only by certain types of evidence that I will describe to you later as appropriate.

LIKELIHOOD OF CONFUSION

To prove infringement, the plaintiff must prove, by a preponderance of the evidence, that the defendants, without the plaintiff's consent, used in commerce a reproduction, copy, counterfeit or colorable imitation of plaintiff's mark in connection with the distribution or advertisement of goods, such that the defendants' use of the mark is likely to cause confusion as to the source of the goods. It is not necessary that the mark used by the defendants be an exact copy of the plaintiff's mark. Rather, the plaintiff must demonstrate that, viewed in its entirety, the mark used by the defendants is likely to cause confusion in the minds

of reasonably prudent purchasers or users as to the source of the product in question.

### THE PLAINTIFF'S BURDEN OF PROOF

In this case, the plaintiff, San Diego Comic Convention, contends that the defendants, Dan Farr Productions, Daniel Farr and Brian Brandenburg, have infringed the plaintiff's trademark. The plaintiff has the burden of proving by a preponderance of the evidence that the plaintiff is the owner of a valid trademark and that the defendants infringed that trademark. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the defendants infringed the plaintiff's trademark.

### THE DEFENDANTS' BURDEN OF PROOF

The defendants contend that the registered trademark is invalid or that the trademark has been abandoned. The defendants have the burden of proving by a preponderance of the evidence that the registered trademark is invalid or that the trademark has been abandoned.

## 1.6 BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## 1.9 WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.  The sworn testimony of any witness;

2.  The exhibits that are admitted into evidence;

3.  Any facts to which the lawyers have agreed; and

4.  Any facts that I may instruct you to accept as proved.

# 1.10 WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.      Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.      Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.      Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## 2.2  STIPULATIONS OF FACT

The parties have agreed to certain facts.  You should therefore treat these facts as having been proved.

1.      SDCC is a nonprofit corporation formed in 1975.  SDCC has held a comics and popular arts convention in San Diego each year since 1970.

2.      SDCC is the registered owner of the following trademarks issued by the United States Patent & Trademark Office:

      a.      United States Trademark Registration No. 3,219,568, for the mark "Comic-Con."

      b.      United States Trademark Registration No. 2,218,236, for the mark "Comic Con International."

      c.      United States Trademark Registration No., 3,221,808, for "San Diego Comic Con International" with an eye logo design.

      d.      United States Trademark Registration No. 4,425,806, for the mark "Anaheim Comic-Con."

3.      Dan Farr Productions is a limited liability company formed in 2013. DFP has held a comics and popular arts convention in Salt Lake City each year since 2013.

4.      Daniel Farr and Bryan Brandenburg are members of Dan Farr Productions, LLC.

## 1.12 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

# 1.13 RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

## 1.14 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.     The opportunity and ability of the witness to see or hear or know the things testified to;

2.     The witness's memory;

3.     The witness's manner while testifying;

4.     The witness's interest in the outcome of the case, if any;

5.     The witness's bias or prejudice, if any;

6.     Whether other evidence contradicted the witness's testimony;

7.     The reasonableness of the witness's testimony in light of all the evidence; and

8.     Any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it

differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony

# 1.15 CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must

respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**1.17 NO TRANSCRIPT AVAILABLE TO JURY**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

# 1.18 TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let note taking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

## 1.20 BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## 1.21 OUTLINE OF TRIAL

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.