UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO COMIC CONVENTION, a California non-profit corporation,<br><br>                                      Plaintiff,<br><br>v.<br><br>DAN FARR PRODUCTIONS, a Utah limited liability company; DANIEL FARR, an individual; and BRYAN BRANDENBURG, an individual,<br><br>                                      Defendants. | Case No.: 14-cv-1865 AJB (JMA)<br><br>**ORDER GRANTING BOTH PLAINTIFF AND DEFENDANTS' MOTIONS TO SEAL**<br><br>(Doc. Nos. 278, 284 ) |

Presently before the Court are both Plaintiff San Diego Comic Convention ("Plaintiff") and Defendants Dan Farr Productions, Daniel Farr, and Bryan Brandenburg's ("Defendants") motion to file documents under seal. (Doc. Nos. 278, 284.) As explained more fully below, the Court **GRANTS** both motions.

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz*

*v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See Kamakana*, 447 F.3d at 1178–79. "In turn, the court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (citation omitted).

"After considering these interests, if the court decides to seal certain judicial records, it must 'base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id.* (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). However, where the material is, at most, "tangentially related" to the merits of the case, the request to seal may be granted on a showing of "good cause." *Ctr. For Auto Safety v. Chrysler Grp. LLC.*, 809 F.3d 1092, 1097 (9th Cir. 2016).

Defendants seek to seal their amended memorandum of points and authorities in support of their ex parte motion for reconsideration as the motion contains confidentiality designations pursuant to the protective order. (Doc. No. 278 at 2.) Plaintiff requests that the Court seal its opposition to Defendants' ex parte application as it discloses confidential financial information of the parties and has also been designated confidential under the protective order. (Doc. No. 284 at 1–2.)

After a careful review of the documents, the Court finds both parties' motions to seal warranted. First, the Court notes that case law makes clear that documents that were given protective designations under a protective order are already determined to satisfy the "good cause" standard as they are meant "to protect [the] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). Additionally, compelling reasons exist to seal the documents as they contain private financial records of both parties, as well as refer to the expert reports of Clarke B. Nelson and Patrick F. Kennedy, documents already sealed by this Court. *See Apple Inc. v. Samsung Elec. Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013); *see also Nixon*, 435 U.S. at 598 (the court may ensure its

2

14-cv-1865 AJB (JMA)

records are not used as "sources of business information that might harm a litigant's competitive standing").

Based on the foregoing, finding that the parties' desire to keep the documents confidential outweighs the public's need for access to the ex parte application and opposition, the Court **GRANTS** both parties' motions to seal.

**IT IS SO ORDERED**.

Dated: October 25, 2017

Hon. Anthony J. Battaglia
United States District Judge