Michael I. Katz (CA State Bar No. 181,728)
  mkatz@mabr.com
L. Rex Sears (CA State Bar No. 294,533)
  rsears@mabr.com
MASCHOFF BRENNAN LAYCOCK
  GILMORE ISRAELSEN & WRIGHT, PLLC
20 Pacifica, Suite 1130
Irvine, California 92618
Telephone: (949) 202-1900
Facsimile: (949) 453-1104

Charles J. Veverka (*pro hac vice*, UT State Bar No. 7,110)
  cveverka@mabr.com
MASCHOFF BRENNAN LAYCOCK
  GILMORE ISRAELSEN & WRIGHT, PLLC
1389 Center Drive, Suite 300
Park City, Utah 84098
Telephone: (435) 252-1360
Facsimile: (435) 252-1361

Attorneys for Defendants and Counterclaimants DAN FARR PRODUCTIONS, LLC, DANIEL FARR, and BRYAN BRANDENBURG

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO COMIC CONVENTION, a California nonprofit corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>DAN FARR PRODUCTIONS, a Utah limited liability company; and DANIEL FARR and BRYAN BRANDENBURG, individuals,<br><br>    Defendants.<br><br>**AND RELATED COUNTERCLAIMS** | Case No. 14-cv-1865-AJB-JMA<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR NEW TRIAL OF VALIDITY AND INFRINGEMENT**<br><br>Date: May 3, 2018<br>Time: 2:00 p.m.<br>Courtroom: 4A (4th Floor Schwartz)<br>Judge: Hon. Anthony Battaglia |

1  **PLEASE TAKE NOTICE** that on May, 3, 2018, at 2:00 p.m. or as soon thereafter as the parties may be heard, defendants and counterclaimants Dan Farr Productions, Daniel Farr, and Bryan Brandenburg (collectively "DFP") will and hereby do move the above-entitled Court, Hon. Anthony J. Battaglia presiding, under Federal Rule of Civil Procedure 59(a)(1)(A), for a new trial on the validity and infringement of the three marks asserted by plaintiff and counterdefendant San Diego Comic Convention ("SDCC"). On December 8, 2017, the jury returned a special verdict, with separate findings on the validity and infringement of each of three marks asserted by plaintiff and counterdefendant San Diego Comic Convention ("SDCC"). Validity should be retried because (1) the jury's verdict is infected by instructional error, (2) additional evidence of genericness was improperly excluded, (3) the jury's verdict is against the great weight of the evidence that was presented, and (4) DFP was not allowed to present evidence of abandonment through naked licensing. Infringement should be retried because as the Court observed, SDCC's evidentiary presentation blurred the distinctions between and among its three marks; therefore: (1) retrial of validity requires retrial of infringement because an invalidity finding, even if limited to COMIC-CON, would likely have led to a different outcome regarding infringement of the other marks and (2) the jury did not properly assess infringement of *any* of SDCC's marks but instead considered only some generalized—and legally nonexistent—"comic con brand."

This motion is and will be based on the accompanying memorandum, the oral and documentary evidence introduced during the jury trial, additional evidence offered but not received either before or during the jury trial, and by such additional arguments and submissions as the Court may receive.

DATED: January 16, 2018

Michael I. Katz
Charles J. Veverka
L. Rex Sears
MASCHOFF BRENNAN LAYCOCK
 GILMORE ISRAELSEN & WRIGHT, PLLC

By: /s/ *L. Rex Sears*

Attorneys for Defendants and Counterclaimants DAN FARR PRODUCTIONS, DANIEL FARR, AND BRYAN BRANDENBURG

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 16, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

By: /s/ *L. Rex Sears*