1  Michael I. Katz (CA State Bar No. 181,728)
     mkatz@mabr.com
2  L. Rex Sears (CA State Bar No. 294,533)
3    rsears@mabr.com
   MASCHOFF BRENNAN LAYCOCK
4    GILMORE ISRAELSEN & WRIGHT, PLLC
5  20 Pacifica, Suite 1130
   Irvine, California 92618
6  Telephone:  (949) 202-1900
7  Facsimile:   (949) 453-1104

8  Charles J. Veverka (*pro hac vice*, UT State Bar No. 7,110)
     cveverka@mabr.com
9  MASCHOFF BRENNAN LAYCOCK
10   GILMORE ISRAELSEN & WRIGHT, PLLC
   1389 Center Drive, Suite 300
11 Park City, Utah 84098
12 Telephone:  (435) 252-1360
   Facsimile:   (435) 252-1361
13
   Attorneys for Defendants and Counterclaimants DAN FARR PRODUCTIONS, LLC,
14 DANIEL FARR, and BRYAN BRANDENBURG

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO COMIC CONVENTION, a California nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>DAN FARR PRODUCTIONS, a Utah limited liability company; and DANIEL FARR and BRYAN BRANDENBURG, individuals,<br><br>Defendants.<br><br>**AND RELATED COUNTERCLAIMS** | Case No. 14-cv-1865-AJB-JMA<br><br>**DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION FOR RULE 11 SANCTIONS**<br><br>Date:  May 31, 2018<br>Time:  2:00 p.m.<br>Courtroom: 4A (4th Floor Schwartz)<br>Judge: Hon. Anthony Battaglia |

## **TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................1

II. ARGUMENT .........................................................................................................2

    A. SDCC's JNOV Motion Is Procedurally Indefensible .......................................2

        1. SDCC's Pre-Verdict Motion Did Not Cover False Designation of Origin ....................................................................................................3

        2. SDCC's Pre-Verdict Motion Did Not Cover Willfulness or Disgorgement ...........................................................................................3

        3. SDCC's Arguments and Authorities Do Not Excuse its Failure to Make a Pre-Verdict Motion on the Same Grounds ..................................6

    B. SDCC's Prosecution of its Baseless JNOV Motion Warrants Sanctions Under Rule 11 ...................................................................................................9

    C. Rule 11's 21-Day Safe Harbor Period Has Expired ..........................................9

    D. The Court Should Impose Such Sanctions as it Sees Fit, in Addition to or in Lieu of Those Proposed by DFP .............................................................11

III. CONCLUSION ...................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anhing Corp. v. Thuan Phong Co. Ltd.*,
 No. CV1305167, 2015 WL 4517846 (C.D. Cal. July 24, 2015) ................................... 6

*EEOC v. Go Daddy Software, Inc.*,
 581 F.3d 951 (9th Cir. 2009) .............................................................................. 2, 8, 9

*Ewing v. Flora*,
 No. 14CV2925 AJB (NLS), 2015 WL 12564225
 (S.D. Cal. Mar. 25, 2015) ......................................................................................... 9

*Ideal Instruments, Inc. v. Rivard Instruments, Inc.*,
 243 F.R.D. 322 (N.D. Iowa 2007) .......................................................................... 10

*Islamic Shura Council of S. California v. F.B.I.*,
 757 F.3d 870 (9th Cir. 2014) .................................................................................... 9

*Janes v. Wal-Mart Stores Inc.*,
 279 F.3d 883 (9th Cir. 2002) ................................................................................ 2, 9

*Nitco Holding Corp v. Boujikian*,
 491 F.3d 1086 (9th Cir. 2007) .................................................................................. 8

*Reeves v. Teuscher*,
 881 F.2d 1495 (9th Cir.1989) ................................................................................... 7

*Star Mark Management v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*,
 682 F.3d 170 (2d Cir. 2012) ................................................................................... 10

*Tolbert v. Queens College*,
 242 F.3d 58 (2d Cir. 2001) ....................................................................................... 3

*United States Industries, Inc. v. Semco Manufacturing, Inc.*,
 562 F.2d 1061 (8th Cir. 1977) .................................................................................. 3

*Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*,
 546 U.S. 394 (2006) .................................................................................................. 8

*Urenia v. Public Storage*,
   No. CV 13-01934 DDP, 2015 U.S. Dist. LEXIS 60185
   (C.D. Cal. May 7, 2015) ............................................................................................... 10

*Yeti By Molly, Ltd. v. Deckers Outdoor*,
   259 F.3d 1101 (9th Cir. 2001) ........................................................................................ 8

**Statutes**

15 U.S.C. 1125 .................................................................................................................... 3

**Rules**

Federal Rule of Civil Procedure 5 ................................................................................. 9, 10

Federal Rule of Civil Procedure 11 ...................................................................... 1, 9, 10, 11

Federal Rule of Civil Procedure 50 ............................................................................*passim*

Federal Rule of Civil Procedure 59 .............................................................................. 1, 2

Defendants and counterclaimants (collectively "DFP") submit the following points and authorities in support of their "… Motion for Rule 11 Sanctions" against San Diego Comic Convention ("SDCC").

## I. INTRODUCTION

On January 16, 2018, SDCC moved this Court for judgment as a matter of law ("JMOL") under FEDERAL RULE OF CIVIL PROCEDURE ("Rule") 50*(b)* on (1) willfulness, (2) disgorgement of profits, and (3) false designation of origin.[1] That was improper because SDCC never made a *pre*-verdict JMOL motion, under Rule 50*(a)*, on those grounds.

SDCC filed and served its offending "… Motion … for Judgment as a Matter of Law Pursuant to Federal Rule of Civil Procedure 50(b) or, Alternatively, Motion for New Trial Pursuant to Federal Rule of Civil Procedure 59(a)(1)" ("JNOV Motion," ECF Doc. 433) on January 16, 2018. The next day, DFP raised this issue and asked SDCC either to withdraw the offending motion or to provide record citations showing that SDCC had made a pre-verdict motion on the same grounds. DFP followed up its original inquiry by serving a draft Rule 11 motion. A month passed, with no response from SDCC.

Nearly a month later, on February 15, 2018, DFP served an updated Rule 11 motion, accompanied by a draft of this memorandum. Again, SDCC failed to take corrective action or to respond in any way.

SDCC finally addressed the procedural basis for its JNOV Motion at pages 1–3 of its March 6, 2018 "… Reply to … Opposition to … Judgment as a Matter of Law …" ("Reply," ECF Doc. 469). As shown below, far from justifying SDCC's course, that response only underscores how indefensible the JNOV Motion is.

Rule 11's 21-day safe harbor has long since expired. Accordingly, DFP now presents to the Court its request for sanctions and asks that the Court impose such sanctions as it sees fit, including (if the Court thinks proper):

---

[1] *See* ECF Doc. 433.

- striking SDCC's JNOV Motion, in its entirety;
- awarding DFP the attorney fees it incurred to prepare its opposition to SDCC's JNOV Motion; and
- awarding DFP the attorney fees incurred to prepare and prosecute the instant motion.

## II. ARGUMENT

### A. SDCC's JNOV Motion Is Procedurally Indefensible

> A Rule 50(b) motion for judgment as a matter of law is not a freestanding motion. Rather, it is a renewed Rule 50(a) motion. Under Rule 50, a party must make a Rule 50(a) motion for judgment as a matter of law before a case is submitted to the jury. … Because it is a renewed motion, a proper post-verdict Rule 50(b) motion is limited to the grounds asserted in the pre-deliberation Rule 50(a) motion.[2]

These procedural requirements are "strictly construed."[3]

At the close of evidence, SDCC moved for JMOL under Rule 50(a) on two grounds: (1) "likelihood of confusion" and (2) "failure to establish genericness."[4] Now, post-verdict, SDCC moves for JMOL (a) "that the Defendants willfully infringed SDCC's trademarks," (b) "that SDCC is entitled to damages in the form of the disgorgement of Defendants' profits in an amount to be determined by the Court," and (c) "in SDCC's favor on its claim for false designation of origin."[5] Because SDCC's pre-judgment

---

[2] *EEOC v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009); *see also* Rule 50(b) (italics added) ("No later than 28 days after the entry of judgment … the movant may file a *renewed* motion for judgment as a matter of law…"); Rule 50, Notes of Advisory Committee on Rules—1991 Amendment ("A post-trial motion for judgment can be granted only on grounds advanced in the pre-verdict motion.").

[3] *Janes v. Wal-Mart Stores Inc.*, 279 F.3d 883, 887 (9th Cir. 2002).

[4] *See* Dec. 7, 2017 Tr. at 101:2-4, 115:4–6; *see also id.* at 108:7–9.

[5] *See* Mem. P&A Supp. Pl. SDCC's Mot. JMOL Pursuant to Fed. R. Civ. P. 50(b) or, Alternatively, Mot. New Trial Pursuant to Fed. R. Civ. P. 59(a)(1) ("Mem.," ECF Doc. 433-1) 1:24; 2:9–10, 16–17.

1  motion was not made on the same grounds as its post-verdict JNOV Motion, its JNOV
2  Motion is untenable.

### 1. SDCC's Pre-Verdict Motion Did Not Cover False Designation of Origin

The closest SDCC comes to a colorable justification for its JNOV Motion is that its post-verdict request for JMOL on false designation of origin is covered by its pre-verdict request for JMOL on likelihood of confusion.[6] Likelihood of confusion is required for both trademark infringement, which the jury found, and false designation of origin, which the jury did not find—but false designation of origin further requires "us[ing] in commerce … [a] false designation of origin," from which likelihood of confusion results.[7] Because false designation of origin has other elements, SDCC's pre-verdict motion on general likelihood of confusion is insufficient to support its post-verdict motion on false designation of origin.[8]

### 2. SDCC's Pre-Verdict Motion Did Not Cover Willfulness or Disgorgement

The other two grounds of SDCC's JNOV Motion, willfulness and disgorgement of profits, are entirely new. A pre-verdict JMOL motion "must specify the judgment sought and the law and facts that entitle the movant to the judgment." "Motions for a directed verdict may be in writing, which is the better practice, or made orally during the course of a hearing or trial."[9] SDCC elected not to follow "the better practice" and to make its pre-verdict JMOL motion orally, instead. SDCC's first "notice" of its oral motion, given at the conclusion of evidence, did not specify any judgment sought, or any law or facts in

---

[6] *See* Reply at 2:15–17.

[7] *See* 15 U.S.C. 1125(a)(1).

[8] *Cf. Tolbert v. Queens College*, 242 F.3d 58, 77 (2d Cir. 2001) ("A motion that identifies one element of a claim is insufficient to permit the district court to grant JMOL for lack of proof of some other, unspecified, element …").

[9] *United States Indus., Inc. v. Semco Mfg., Inc.*, 562 F.2d 1061, 1065 (8th Cir. 1977).

support: "we're also moving for judgment as a matter of law in connection with a couple of matters."[10]

Oral argument on the motions was presented and the Court delivered its ruling the next day, as reported at pages 83–115 of the December 7, 2017 Transcript of Trial Proceedings, Volume 8. The Court began by entertaining oral argument and then ruling on DFP's pre-verdict motion for JMOL on likelihood of confusion and corrective advertising, as reported at pages 83–99. The argument then turned to DFP's pre-verdict motion for JMOL of genericness, as follows:

> THE COURT: This is as to genericness.
>
> And, Ms. Herrera, your points on this, for which the defendant obviously has the burden of proof --
>
> MS. HERRERA: Right.
>
> THE COURT: -- gets the benefit of the presumption of evidence presented. But go ahead and weigh on in.
>
> MS. HERRERA: Right. Just to back up, before I forget. We also have a motion for judgment as a matter of law, on likelihood of confusion.
>
> So as to be linear, can I stick with the genericness?
>
> THE COURT: You can stick with that.
>
> MS. HERRERA: And what I thought I would do is state our opposition to theirs, and then move into our affirmative motion.[11]

To this point in the proceedings, then, SDCC had identified "a motion for judgment as a matter of law, on likelihood of confusion" and an unspecified "affirmative motion."

After SDCC's counsel concluded her general argument on genericide, the Court ruled as follows:

> The question is is there a question of fact, or is there any basis upon which the jury could find for the plaintiff on this issue. And I think there is.
>
> Is there a chance that the jury could find for the defense on this issue? I think there is. …

---

[10] *See* Dec. 6, 2017 Tr. of Excerpt During Trial at 3:15–16.

[11] *See* Dec. 7, 2017 Tr. at 100:21–101:9.

4            Case No. 14-cv-1865-AJB-JMA

So as to the motion for judgment as a matter of law on genericide, I would deny that.

As to Comic-Con San Diego -- I know that is not the right term, but forgive me -- moving for judgment as a matter of law on consumer confusion, I think that's another one of these issues that aren't so clear as to make a judgment as a matter of law, ruling in favor of the proponent, and take this case out of the jury's hand. …

So that goes as to genericide from the defense, likelihood of confusion as a plaintiff's motion coming back.[12]

After delivering those rulings, the Court asked, "What else is raised by either side at this point?"—which led to the following colloquy:

MS. HERRERA: Well, thank you for allowing me to preserve the record on likelihood of confusion and genericness.

THE COURT: This is your time to make the record as you see fit for others to ponder, so please do.

MS. HERRERA: I understand the court's ruling on the likelihood of confusion motion, the Rule 50(a) motion by plaintiff. I understand the court's ruling on plaintiff's Rule 50(a) motion as to the Comic-Con mark.

However, we still believe that the other two marks -- the Comic Con International Mark and the San Diego Comic Con International with eye logo mark -- we think that plaintiffs are entitled to judgment as a matter of law, that those two marks are not generic.[13]

The Court entertained oral argument and engaged in colloquy about those two marks, specifically, as reported at pages 108–13 of the transcript; and then concluded:

But could they come up and say your Comic Con International is generic? There is evidence there that they could. Maybe it's not going to predominate or overwhelm your evidence, but I think it's there. And if a reasonable jury could come to that conclusion, I have to say no, now.[14]

Then, when asked whether she had "anything else you want to say," SDCC's counsel first responded: "No. I think I have been heard well enough. Thank you, Your Honor." Then when asked: "So are all the issues presented? Are there any other issues?

---

[12] *See* Dec. 7, 2017 Tr. at 106:20–108:1

[13] *See* Dec. 7, 2017 Tr. at 108:2–15.

[14] *See* Dec. 7, 2017 Tr. at 113:18–22

5     Case No. 14-cv-1865-AJB-JMA

… [I]s there anything else anybody wants to say for record purposes on any issues?" SDCC's counsel "clarif[ied] that our Rule 50(a) motion on failure to establish genericness goes to all three marks -- Comic-Con, Comic Con International, San Diego Comic Convention."[15] The Court gave SDCC's counsel still another opportunity by asking, "Anything else on the plaintiff's side?"; to which she responded simply, "No."[16]

The Court gave SDCC's counsel opportunity after opportunity to "specify the judgment sought and the law and facts that entitle the movant to the judgment,"[17] as required. Given opportunity after opportunity, the only "judgments sought" she specified were likelihood of confusion and no genericness. Not once did she even *mention* willfulness[18] or DFP's profits.

### 3. SDCC's Arguments and Authorities Do Not Excuse its Failure to Make a Pre-Verdict Motion on the Same Grounds

SDCC tries to shelter under authority that ambiguity or inartfulness in a pre-verdict JMOL motion may be excused where "the court … does not allow the movant to entirely articulate his or her position."[19] That argument is wholly out of place here, where the Court was *very* solicitous in affording SDCC every opportunity to articulate its position.[20]

---

[15] *See* Dec. 7, 2017 Tr. at 114:13–17, 22–25; 115:3–6.

[16] *See* Dec. 7, 2017 Tr. at 115:16–17.

[17] *See* Rule 50(a)(2).

[18] Page 89 of the transcript reports a few references to "the intent behind the defendants' conduct" but only as it pertains to likelihood of confusion: "Evidence of the car, bringing it down to San Diego in the middle of our event in 2014. If that isn't intent, I don't know what is. [¶] Ms. Follett's testimony, defendant Dan Farr Production's prior employee, shows the intent behind the defendants' conduct. [¶] That's all I have to say *about confusion*." *See* Dec. 7, 2017 Tr. at 89:15–21 (italics added). That cannot be stretched to a specification of willfulness and disgorgement as "the judgment sought," as required by Rule 50(a)(2).

[19] *See* Reply at 2:24–3:1.

[20] *Cf. Anhing Corp. v. Thuan Phong Co. Ltd.*, No. CV1305167, 2015 WL 4517846, at *15 (C.D. Cal. July 24, 2015) ("the Court finds Defendant's Rule 50(b) motion proper

SDCC also argues, "'Rule 50(b) may be satisfied by an ambiguous or inartfully made motion' under Rule 50(a)."[21] But the authority SDCC quotes was addressing a totally different issue: the standard for renewing, "after the close of all evidence," a motion originally made "after a case-in-chief."[22] Rule 50 used to require a motion made "after the close of all evidence" in order to preserve the right to move for JMOL post-verdict. But the Rule was changed and SDCC's inapposite line of authority was mooted by the 2006 amendments, which "delet[ed] the requirement that a motion be made at the close of all the evidence," not simply (as in the current rule) at any time before verdict.[23]

SDCC tries to excuse its failure to include false designation of origin in its pre-verdict JMOL as follows: "a Rule 50(a) motion is not required where, as here (*in part*), it is based on an inconsistent jury verdict."[24] That argument might have been sound if the alleged inconsistency in the jury's verdict were the *only* ground for seeking JNOV on false designation of origin. But according to SDCC, as to false designation, its JNOV Motion is based only "in part" on the alleged inconsistency.

"On willfulness and disgorgement," SDCC argues "it would have made no sense … to ask the Court for these specific rulings since the Court denied SDCC's motion for judgment as a matter of law on likelihood of confusion."[25] It is true that the Court, having denied JMOL on likelihood of confusion, would not have *granted* a motion for JMOL on willfulness and disgorgement. But as counsel well knew, the point of the exercise was not only to make motions that might be granted but to preserve the right to make post-verdict

---

under the circumstances" because "[a]t the close of evidence, the Court … declined to hear oral argument on Defendant's Rule 50(a) motion").

[21] *See* Reply at 2:22–23 (quoting *Reeves v. Teuscher*, 881 F.2d 1495, 1498 (9th Cir.1989)).

[22] *See Reeves*, 881 F.2d at 1498.

[23] *See* Rule 50, Committee Notes on Rules—2006 Amendment.

[24] *See* Reply at 2:26–27 (italics added).

[25] *See* Reply at 2:28.

motions by making appropriate pre-verdict motions.[26] If SDCC wanted to preserve the right to seek JMOL on willfulness and disgorgement post-verdict then it was required to make a motion on those same grounds pre-verdict, whether or not it expected such a motion to succeed.

Finally, SDCC argues a pre-verdict JMOL motion will support a post-verdict JMOL motion on both the arguments actually raised in the pre-verdict motion and on their "logical extensions."[27] But the authority SDCC cites does not stand for that proposition. What *EEOC v. Go Daddy* actually held is that Go Daddy had "made this argument, and its logical extension, in its Rule 50(a) motion."[28] That is, the "logical extension" was properly considered under rule 50(b) because it had actually been made in Go Daddy's Rule 50(a) motion. Indeed *Go Daddy* refused to treat arguments not made as though they had been: "To the extent that this argument relies on anything other than Go Daddy's argument that there was insufficient evidence that Slezak told Franklin and Villeneuve about Bouamama's reports, it was not made in Go Daddy's Rule 50(a) motion."[29]

---

[26] *See, e.g.*, Dec. 7, 2017 Tr. at 108:3–6 ("MS. HERRERA: Well, thank you for allowing me to preserve the record on likelihood of confusion and genericness. [¶] THE COURT: This is your time to make the record as you see fit for others to ponder, so please do.").

[27] *See* Reply at 3:8–10.

[28] *See Go Daddy*, 581 F.3d at 962.

[29] *See Go Daddy*, 581 F.3d at 962–63. *Go Daddy* is puzzling in one respect. Instead of disregarding entirely the arguments that were not advanced in a pre-verdict JMOL motion, *Go Daddy* evaluated them under a more rigorous plain-error standard. *See id.* at 963. As support for that approach, *Go Daddy* cited *Yeti By Molly, Ltd. v. Deckers Outdoor*, 259 F.3d 1101, 1109 (9th Cir. 2001). But in *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 405 (2006), the Supreme Court held that the Circuit Courts of Appeal are "powerless" to reverse a judgment entered on jury verdict for insufficiency of the evidence "absent a postverdict motion" under Rule 50(b); and the Ninth Circuit subsequently recognized that under *Unitherm*, it is "precluded from exercising our discretion to engage in plain error review" without a predicate Rule 50(b) motion, *see Nitco Holding Corp v. Boujikian*, 491 F.3d 1086 at 1089–90 (9th Cir. 2007). Because "a proper post-verdict Rule 50(b) motion is limited to the grounds asserted in the pre-deliberation Rule 50(a) motion," *Go Daddy*, 581 F.3d at 961, and plain-error review is not available for grounds not raised in a Rule 50(b) motion, *see Nitco*, 491 F.3d at 1089–

As noted above, Rule 50's procedural requirements are "strictly construed"[30] and SDCC's JNOV Motion does not conform to those rigid requirements.

**B. SDCC's Prosecution of its Baseless JNOV Motion Warrants Sanctions Under Rule 11**

"Rule 11 is intended to deter baseless filings in district court and imposes a duty of reasonable inquiry so that anything filed with the court is well grounded in fact, legally tenable, and not interposed for any improper purpose."[31] Rule 11 authorizes sanctions when a party files a lawsuit or motion that is frivolous, legally unreasonable, without factual foundation, or is otherwise brought for an improper purpose.[32] In deciding a motion for sanctions, "the question is whether, at the time the paper was presented to the Court, or later defended, it lacked evidentiary support or contained frivolous legal arguments."[33] SDCC's JNOV Motion is legally unreasonable and frivolous insofar as it asserts grounds not specified in SDCC's pre-verdict motion for JMOL.

**C. Rule 11's 21-Day Safe Harbor Period Has Expired**

Rule 11(c)(2) provides that a sanctions motion "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." After first emailing SDCC to ask the procedural

---

90, plain-error review also should not be available for grounds not raised in a Rule 50(a) motion. But that is a problem for the Ninth Circuit to resolve in some other case, not for this Court to resolve in this case. *This* Court is bound by the Ninth Circuit's rule that "a proper post-verdict Rule 50(b) motion is limited to the grounds asserted in the pre-deliberation Rule 50(a) motion." *See Go Daddy*, 581 F.3d at 961.

[30] *See Janes*, 279 F.3d at 887.

[31] *Islamic Shura Council of S. California v. F.B.I.*, 757 F.3d 870, 872 (9th Cir. 2014) (internal quotation marks omitted).

[32] *Ewing v. Flora*, No. 14CV2925 AJB (NLS), 2015 WL 12564225, at *6 (S.D. Cal. Mar. 25, 2015) (citing *Warren v. Guelker*, 29 F.3d 1386, 1388 (9th Cir. 1994)).

[33] *Ewing*, 2015 WL 12564225, at *6.

basis for its JNOV Motion, DFP served its motion on January 17, 2018. The 21-day safe-harbor expired three weeks later, on February 7, 2018, with *no* response.

On February 12, 2018, DFP reminded SDCC of DFP's previous inquiry regarding the procedural basis for SDCC's JNOV Motion and DFP warned that it intended to proceed with its request for sanctions. That message, too, has gone unanswered.

On February 15, 2018, DFP served an updated draft of its motion, identifying the specific sanctions that would be requested; and DFP also served this a draft of this memorandum with its updated draft motion. Again, SDCC never responded.

The present memorandum expands on what DFP previously served, in order to respond to arguments belatedly presented by SDCC in its Reply. But that does not defeat the sufficiency of DFP's prior notice or restart the 21-day safe-harbor period, now long since run.[34] SDCC has known what the issue is for months. It has had every chance to withdraw the offending JNOV Motion, but it has not taken any of them. The time for sanctions has come.

---

[34] Rule 11(c)(2) provides (with boldface italics added): "The **motion** must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." "Rule 11 says nothing about requiring service of the *brief* in support of a Rule 11 motion to trigger the twenty-one day 'safe harbor.'" *Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 243 F.R.D. 322, 339 (N.D. Iowa 2007); *see also Star Mark Mgmt. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 176 (2d Cir. 2012) ("Koon Chun met the procedural requirements of the safe harbor provision of Rule 11(c)(2) by serving its notice of motion for Rule 11 sanctions … even though it did not serve at that time supporting affidavits or a memorandum of law"; "the issue here is not whether Koon Chun satisfied the district court's local rules or a judge's individual practices, but whether it satisfied Rule 11's safe harbor provision"). Because DFP served a notice of motion informing SDCC "of the alleged grounds for sanctions, the authority under which sanctions were sought, and nature of the requested relief," DFP "substantially complied with the 21-day 'safe harbor' provision"—even though this memorandum does "vary somewhat from the versions initially served." *See Urenia v. Pub. Storage*, No. CV 13-01934 DDP (AJWx), 2015 U.S. Dist. LEXIS 60185, at *6 (C.D. Cal. May 7, 2015) (citing *Ideal Instruments* and *Star* with approval).

### D. The Court Should Impose Such Sanctions as it Sees Fit, in Addition to or in Lieu of Those Proposed by DFP

DFP trusts the formulation of appropriate sanctions to the Court's discretion, and suggests the following for consideration:

- striking SDCC's JNOV Motion in its entirety;
- awarding DFP the attorney fees it incurred to prepare its opposition to SDCC's JNOV Motion; and
- awarding DFP the attorney fees incurred to prepare and prosecute the instant motion.

The attorney fee requests require no further explanation. As for striking SDCC's JNOV Motion: the JNOV Motion includes an alternative request for new trial. When DFP pointed out the procedural defect in the JMOL request, SDCC could have withdrawn that and left the alternative new trial request standing. Because SDCC instead elected to press forward with the entire JNOV Motion, the entire JNOV Motion should now be stricken.

### III. CONCLUSION

Because SDCC's JNOV Motion impermissibly seeks post-verdict JMOL on new grounds, DFP requests this Court impose sanctions on SDCC, including but not necessarily limited to: (1) striking SDCC's JNOV Motion; (2) awarding DFP its attorney's fees incurred in responding to SDCC's JNOV Motion; and (3) awarding DFP its attorney's fees incurred in preparing and prosecuting the present Rule 11 motion.

DATED: March 8, 2018

Michael I. Katz
Charles J. Veverka
L. Rex Sears
MASCHOFF BRENNAN LAYCOCK
  GILMORE ISRAELSEN & WRIGHT, PLLC

By: /s/ *L. Rex Sears*

Attorneys for Defendants and Counterclaimants DAN FARR PRODUCTIONS, DANIEL FARR, AND BRYAN BRANDENBURG

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | The undersigned hereby certifies that a true and correct copy of the above and |
| 3 | foregoing document has been served on March 8, 2018, to all counsel of record who are |
| 4 | deemed to have consented to electronic service via the Court's CM/ECF system per Civil |
| 5 | Local Rule 5.4. |
| 6 | By:  /s/ *L. Rex Sears* |