UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO COMIC CONVENTION, a California non-profit corporation,<br><br>                                    Plaintiff,<br>v.<br>DAN FARR PRODUCTIONS, a Utah limited liability company; DANIEL FARR, an individual; and BRYAN BRANDENBURG, an individual,<br>                                    Defendants. | Case No.: 14-cv-1865 AJB (JMA)<br><br>**ORDER DENYING PLAINTIFF AND DEFENDANTS' MOTIONS TO SEAL**<br><br>(Doc. Nos. 422, 424, 430, 434, 437, 453, 456, 460, 463, 465, 472, 475, 478, 482) |

      Beginning on January 16, 2018, and ending on March 6, 2018, Plaintiff San Diego Comic Convention ("Plaintiff") and Defendants Dan Farr Productions, Daniel Farr, and Bryan Brandenburg (collectively referred to as "Defendants") filed fourteen motions to file documents under seal. (Doc. Nos. 422, 424, 430, 434, 437, 453, 456, 460, 463, 465, 472, 475, 478, 482.) Plaintiff has not filed express oppositions to the motions, however, Defendants have articulated that they do not believe sealing is warranted in respect to a handful of documents. (*See* Doc. Nos. 472, 475, 478.) As will be explained in greater detail below, the Court **DENIES** both parties' motions to seal.

1

# **DISCUSSION**

Plaintiff requests that the following documents be placed under seal: (1) Exhibits 2 and 5 attached to the Declaration of Callie Bjurstrom in support of Plaintiff's motion for attorneys' fees and costs, (Doc. No. 422); (2) its memorandum of points and authorities in support of its motion for judgment as a matter of law, (Doc. No. 430); (3) Exhibit 2 to the declaration of Michelle A. Herrera and the memorandum of points and authorities related to Defendants' motion for ruling on unclean hands, (Doc. No. 453); (4) its memorandum of points and authorities in opposition to Defendants' motion for ruling on estoppel defense, (Doc. No. 463); (5) Exhibit 1 to the declaration of Michelle A. Herrera in support of Plaintiff's opposition to Defendants' motion for new trial of validity and infringement, (Doc. No. 465); and (6) Exhibit 6 attached to the declaration of Peter K. Hahn in support of Plaintiff's reply to its motion for attorneys' fees and costs, (Doc. No. 482).

Defendants seek to seal: (1) their motion and supporting memorandum for ruling on estoppel defense, (Doc. No. 424); (2) Exhibits E and F to the declaration of Rex Sears in support of their motion for new trial of validity and infringement, (Doc. No. 434); (3) their motion and supporting memorandum for ruling on unclean hands defense, (Doc. No. 437); (4) their opposition to Plaintiff's motion for attorneys' fees and costs, (Doc. No. 456); (5) their opposition to Plaintiff's motion for permanent injunction after the jury verdict, (Doc. No. 460); (6) their reply in support of the motion for new trial of validity and infringement and exhibit A to the reply, (Doc. No. 472); (7) their reply brief in support of their motion for ruling on estoppel defense, (Doc. No. 475); and (8) their reply in support of their motion for ruling on unclean hands defense, (Doc. No. 478).

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to

2

14-cv-1865 AJB (JMA)

overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See Kamakana*, 447 F.3d at 1178–79. "In turn, the court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (citation omitted).

"After considering these interests, if the court decides to seal certain judicial records, it must 'base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id.* (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). However, where the material is, at most, "tangentially related" to the merits of the case, the request to seal may be granted on a showing of "good cause." *Ctr. For Auto Safety v. Chrysler Grp., LLC.*, 809 F.3d 1092, 1097 (9th Cir. 2016).

The Court notes that the driving force behind the majority of the motions to seal is that the documents have been designated confidential by either Plaintiff or Defendants pursuant to the protective order filed on January 20, 2016. (Doc. No. 46.) In pertinent part, the protective order states:

> Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.
>
> Subject to public policy, and further court order, nothing shall be filed under seal and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.
>
> If the Court grants a party permission to file an item under seal, a duplicate disclosing all non-confidential information, if any, shall be filed and made part of the public record. The item may be redacted to eliminate confidential material from the document. The document shall be titled to show that it corresponds to an item filed under seal, *e.g.*, "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment." The sealed and redacted documents shall

be filed simultaneously.

(*Id*. at 7.) In general, when dealing with motions to seal documents for reasons related to a protective order, the Ninth Circuit has "carved out an exception" to the strong preference for public access. *Foltz*, 331 F.3d at 1135. Under this exception, a party need only satisfy the less exacting "good cause" standard. *Id*. The "good cause" language comes from Federal Rule of Civil Procedure 26(c), which governs the issuance of protective orders in the discovery process: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1).

Taking into consideration all of the above-mentioned standards and policies, the Court finds that all of the motions to seal are unjustified. First, as to both parties' requests to file under seal their various memorandums of points and authorities, the Court notes that neither party has presented compelling reasons that justify sealing the entire document. This is especially in light of the fact that the redacted versions of the motions filed in accordance with the protective order demonstrate that only a handful of lines within the motion need be concealed.[1] (*See* Doc. Nos. 457, 458.)

Next, in general, all of the motions to seal and their corresponding declarations are overly broad and unsupported by specific facts. Additionally, the motions are not narrowly tailored to inform the Court as to what information within the document needs to be sealed. *See Fujitsu Ltd. v. Belkin Int'l, Inc.*, No. 10-CV-03972-LHK, 2012 WL 6019754, at *5 (N.D. Cal. Dec. 3, 2012) (denying the motions to seal as the defendants' "broad request to seal [did] not specify which sections of [the] exhibits contain[ed] particularly sensitive information, why [the] information must remain confidential, or how its disclosure might become a vehicle for improper purposes."). For instance, Plaintiff's motion to file under

---

[1] Pursuant to the Protective Order, when filing motions to seal, the parties were instructed to file redacted versions of the sealed document for the public record. Plaintiff has not done so.

4

14-cv-1865 AJB (JMA)

seal Exhibit 2 to the Declaration of Callie A. Bjurstrom simply states that the time entries for attorneys' fees billed is "not intended for viewing by the general public" as it contains "highly confidential and sensitive information" and Plaintiff would "suffer substantial harm" if it was made part of the public record. (Doc. No. 422-1 at 2.) Defendants' motions to seal are equally vague as their motions only repeatedly state that their briefs might "reveal the contents of documents and deposition testimony that have been given confidentiality designations" by Plaintiff. (Doc. No. 434 at 2.) These reasons are not enough to provide a particularized showing of harm that warrants sealing of the documents.[2]

At this stage of the litigation, the Court finds it appropriate to adhere to the strict interpretation of case law dealing with motions to seal pursuant to protective orders. Thus, "the mere fact that discovered material is subject to a protective order does not mean it must be sealed when filed with the Court." *BT Collective v. IP Holdings, LLC*, No. 11cv0021-LAB (WVG), 2011 WL 5873388, at *1 (S.D. Cal. Nov. 23, 2011); *see also Gonzales v. Comcast Corp.*, No. 1:10-cv-01010-LJO-SKO, 2011 WL 4089542, at *2 (E.D. Cal. Sept. 13, 2011) (finding that there was no good cause to seal the documents as the stipulated protective order was one in which "the judge signed off on the order without the benefit of making an individualized determination as to specific documents.") (citation omitted). Indeed, some district courts have declined to seal documents when the sole basis for the request is a protective order that covers them. *See e.g., Stone v. Advance Am.*, No.

---

[2] The Court notes for Plaintiff's benefit that motions to seal attorney's rates and hours are generally not considered privileged information that is sealable. *See Travelers Prop. Cas. Co. of Am. v. Centex Homes*, No. 11-3638-SC, 2013 WL 707918, at *2 (N.D. Cal. Feb. 26, 2013) (noting that billing rates and numbers of hours billed was non-privileged information and should not be sealed); *see also Muench Photography, Inc. v. Pearson Education, Inc.*, No. 12-cv-1927-WHO, 2013 WL 6698465, at *2 (N.D. Cal. Dec. 18, 2013) (finding that the defendant did not "adequately explain why disclosure of [the] negotiated billing structures would prejudice it or how competitors could imitate or exploit their knowledge of this sensitive information for their own financial gain and, accordingly, to the detriment of [] its attorneys.") (internal quotation marks omitted).

5

08cv1549 WQH (WMC), 2011 WL 662972, at *1 (S.D. Cal. Feb. 11, 2011); *Bain v. AstraZeneca*, No. C 09-4147 CW, 2011 WL 482767, at *1 (N.D. Cal. Feb. 7, 2011).

Thus, without more, both parties have failed to provide compelling or narrowly tailored reasons to seal. Consequently, their motions are **DENIED**. *Ponomarenko v. Shapiro*, No. 16-cv-02763-BLF, 2017 WL 3605226, at *4 (N.D. Cal. Aug. 21, 2017) ("[T]he current request does not establish a compelling reason to seal the documents and the request to seal the [] Agreement in its entirety is not narrowly tailored as required by law.").

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff and Defendants' motions to seal **WITHOUT PREJUDICE**. (Doc. Nos. 422, 424, 430, 434, 437, 453, 456, 460, 463, 465, 472, 475, 478, 482.) Plaintiff and Defendants are instructed to submit new declarations stating the compelling reasons supported by specific factual findings in favor of sealing the documents at issue or propose narrowly tailored redactions to the documents by **April 25, 2018**. Failure to do either of the above mentioned actions will result in the public filing of the documents contained in the fourteen motions to seal.

**IT IS SO ORDERED**.

Dated: April 10, 2018

Hon. Anthony J. Battaglia
United States District Judge