UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO COMIC CONVENTION, a California non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>DAN FARR PRODUCTIONS, a Utah limited liability company, DANIEL FARR, an individual, BRYAN BRANDENBURG, an individual,<br><br>Defendants. | Case No.: 14-cv-1865-AJB-JMA<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 11**<br><br>(Doc. No. 484) |

Pending before the Court is Defendants Dan Farr Productions, Daniel Farr, and Bryan Brandenburg's (collectively referred to as "Defendants") motion for sanctions. (Doc. No. 484.) Plaintiff San Diego Comic Convention ("Plaintiff") opposes the motion. (Doc. No. 487.) Pursuant to Civil Local Rule 7.1.d.1, the Court finds the motion suitable for determination on the papers and without oral argument. Accordingly, the motion hearing scheduled for May 31, 2018, is **VACATED**. As will be explained in greater detail below, as Defendants have failed to follow the stringent procedural requirements prescribed by Federal Rule of Civil Procedure 11, their motion is **DENIED**.

1

**DISCUSSION**

The instant motion comes after both parties have filed a total of five post-trial motions. Defendants move for Rule 11 sanctions arguing that Plaintiff's motion for judgment as a matter of law ("JMOL") is improper as it requests judgment on grounds that were never made by Plaintiff in its pre-verdict JMOL motion before the Court. (Doc. No. 484-1 at 5.) Thus, pursuant to Federal Rule of Civil Procedure 50(a), Plaintiff's JMOL motion is procedurally indefensible and Defendants request that the motion be struck from the docket and that they be awarded attorney's fees. (*Id*. at 6, 15.) Plaintiff mounts in opposition that Defendants' motion is procedurally defective and that the Ninth Circuit has adopted a liberal interpretation of Rule 60(b)'s requirement that the grounds advanced be raised through a Rule 50(a) motion before the Court. (*See generally* Doc. No. 487.)

Federal Rule of Civil Procedure 11 states that:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2).

A.    Rule 11's Procedural Requirements

Before turning to the merits, the Court first addresses Plaintiff's assertion that Defendants have not complied with Rule 11's safe harbor provision as the motion that was filed with the Court is different than the motion that Plaintiff was served. (Doc. No. 487 at 10.) Defendants challenge Plaintiff's contentions arguing that the two motions are virtually identical other than the fact that the docketed motion "expands on" what was served to Plaintiff on February 15, 2018. (Doc. No. 489 at 5.)

The 1993 Amendments to Rule 11 place stringent notice and filing requirements on

2

parties seeking sanctions. Explicitly, to comply with the Rule, the moving party is required to "serve its Rule 11 motion on the plaintiff[] with a demand for retraction of the allegedly offending allegations, and then to allow the plaintiff[] at least twenty-one days to retract the pleading before filing the motion with the court." *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 788–89 (9th Cir. 2001). These procedural requirements are to be strictly followed. *See id.* at 788.

In this matter, Defendants first attempted to provide Plaintiff with the above-mentioned "safe harbor notice" on January 17, 2018. (Doc. No. 487-3 at 2.) The document attached to this email is only one page in length and informs Plaintiff that Defendants believe sanctions to be warranted because "[a] post-trial motion for judgment can be granted only on grounds advanced in [a] pre-verdict motion." (*Id.* at 4.) Thus, according to Defendants, as Plaintiff's directed verdict motion was for likelihood of confusion and failure to establish genericness, its JMOL motion seeking judgment on willfulness and disgorgement violates Rule 50(a). (*Id.*)

Thereafter, on February 15, 2018, Defendants emailed Plaintiff a modified version of their draft sanctions motion with a supporting memorandum. (Doc. No. 487-4 at 2.) The draft motion attached to this email is five pages in length. (*Id.* at 8–13.) Exactly twenty-one days later, on March 8, 2018, Defendants filed their motion for sanctions with the Court. (Doc. No. 484.) This motion is ten pages in length. (*Id.* at 5–15.)

The Court highlights that the main difference between the motion served and the motion filed is that the docketed brief points to the transcripts from the trial proceedings to demonstrate that Plaintiff's pre-verdict motion did not cover false designation of origin, willfulness, or disgorgement. (Doc. No. 484-1 at 7–8.) Moreover, the majority of the "new" arguments in the filed motion directly respond to the statements present in Plaintiff's reply brief in support of its motion for JMOL filed on March 6, 2018. (Doc. No. 487 at 6; Doc. No. 469.)

///

///

14-cv-1865-AJB-JMA

Presently, the issue of whether the safe harbor provision requires the motion served and the motion filed to be identical is one that has yet to be explicitly addressed by the Ninth Circuit and neither Plaintiff nor Defendants have provided the Court with clear precedent from this district. In fact, this district as well as our sister courts have all come to different conclusions on the matter. *Compare Rygg v. Hulbert*, No. C11-1827JLR, 2012 WL 12847008, at *3 (W.D. Wa. Sept. 21, 2012) (holding that the procedural requirements of Rule 11 are satisfied even where "the motion served to satisfy the safe harbor requirements is different from the motion filed with the court, so long as the filed motion does not raise any new arguments."), *with MetLife Bk., N.A. v. Riley*, No. 3:10-cv-00122-ECR-VPC, 2010 WL 4024898, at *3 (D. Nev. Oct. 13, 2010) ("Notably, courts find that failure to 'serve a copy of the full motion that will be filed with the Court' does not satisfy the safe harbor provision."), *and Truesdell v. S. Cal. Permanente Med. Grp.*, 293 F.3d 1146, 1151 (9th Cir. 2002) ("The movant serves the allegedly offending party with a filing-ready motion as notice that it plans to seek sanctions.").[1]

Despite the foregoing inconsistencies, one thing is patently clear: the procedural requirements of Rule 11 are strictly construed. *Radcliffe*, 254 F.3d at 788. Moreover, the Advisory Committee Notes to the Rule explains:

> To stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule, the revision provides that the "safe harbor" period begins to run only upon service of the motion. In most cases, however, counsel should be expected to give informal notice to the other party, whether in person or by a telephone call or letter, of a potential violation

---

[1] In *Edgerly v. City and Cty. of San Francisco*, No. C 03-02169 WHA, 2005 WL 235710, at *3 (N.D. Cal. Feb. 1, 2005), the court found that the defendants' motion for Rule 11 sanctions was not procedurally defective even though the motion served differed from the motion filed with the court. On appeal, the Ninth Circuit affirmed the district court's grant of Rule 11 sanctions. *Edgerly v. City & Cty. of San Francisco*, 599 F.3d 946, 963 (9th Cir. 2010). Though the Ninth Circuit affirmed the defendants' Rule 11 motion, the Court notes that it did so finding that the motion was frivolous and did not specifically address Rule 11's safe harbor provision.

before proceeding to prepare and serve a Rule 11 motion.

Fed. R. Civ. P. 11, advisory committee's notes to 1993.

Again, as delineated by the Ninth Circuit in *Retail Flooring Dealers of Am., Inc., v. Beaulieu of Am. LLC*, 339 F.3d 1146, 1150 (9th Cir. 2003), the safe harbor provision "gives an attorney the opportunity to withdraw or correct a challenged filing by requiring a party filing a Rule 11 motion to <u>serve the motion</u> 21 days before filing the motion." (emphasis added). Thus, taking the punitive nature of the motion into consideration, the Court finds that the plain language of Rule 11's safe harbor provision requires Defendants to "serve [Plaintiff] with a copy of the full motion that will be filed with the Court." *Gidding v. Anderson*, No. C-07-4755 JSW (WDB), 2009 WL 1631625, at *1 (N.D. Cal. June 9, 2009); *see also Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) ("It would therefore wrench both the language and purpose of the amendment to the Rule to permit an informal warning to substitute for service of a motion.").

Defendants argue that Rule 11 "says nothing" about requiring service of the *brief* in support of a Rule 11 motion to trigger the twenty-one day safe harbor. (Doc. No. 484-1 at 14.) However, based upon the Court's foregoing analysis, this argument as well as the cases cited to by Defendants is unpersuasive.

Defendants employ *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 176 (2d Cir. 2012) and *Urenia v. Public Storage*, No. CV 13-01934 DDP (AJWx), 2015 WL 3378247, at *2 (C.D. Cal. May 7, 2015), to provide support for their contention that the motion served does not have to be identical to the motion filed. However, the Court illustrates that in both *Star Mark* and *Urenia*, the courts were analyzing Rule 11 motions in relation to insufficient complaints. Specifically, in *Urenia*, the court stated that it analyzed Rule 11's safe harbor provision under the lens of "adequate notice" and "not identical form or language." *Id.*

Unlike the courts in *Star Mark* and *Urenia*, in the instant matter, Defendants have moved for sanctions arguing that Plaintiff's motion for JMOL is procedurally deficient.

(*See generally* Doc. No. 484-1.) Thus, the underlying basis for this action differs from *Star Mark* and *Urenia*. Additionally, the Court disagrees that Rule 11's safe harbor provision only asks that the non-moving party be given notice. Rule 11 specifically states that the service of the motion is meant to provide the non-moving party the chance to withdraw or correct the challenged paper. Fed. R. Civ. P. 11(a)(2). To be able to abide Rule 11's patently outlined directions, in the Court's view, a non-moving party must be provided the full motion that will be ultimately filed with the Court. *See Winterrowd v. Am. General Annuity Ins. Co.*, 556 F.3d 815, 826 (9th Cir. 2009) ("A Rule 11 motion for sanctions must be served on opposing counsel twenty-one days before <u>filing the motion</u> with the court, providing the opposing counsel a 'safe harbor . . . to give the offending party the opportunity . . . to withdraw the offending pleading and thereby escape sanctions.'") (citation omitted) (emphasis added).

As a result, based on the plain language of Rule 11, as Defendants served Plaintiff with a different motion for sanctions than the one filed with the Court, Defendants are unable to sufficiently fulfill Rule 11's safe harbor requirements. Thus, Defendants' procedurally deficient Rule 11 motion precludes an award of sanctions. *See Metcalf v. Anchorage Daily News, Inc.*, 78 F. App'x 24, 25 (9th Cir. 2003).

## <u>CONCLUSION</u>

Failure to comply with the strict procedural requirements of Rule 11 defeats Defendants' attempt to recover sanctions. Thus, the Court **DENIES** Defendants' motion for sanctions. (Doc. No. 484.)

Finally, pursuant to Rule 11(c)(2), Plaintiff states that as it is the prevailing party, it may be awarded attorney's fees. (Doc. No. 487 at 18.) Plaintiff contends that Defendants' Rule 11 motion is frivolous, procedurally improper, and legally untenable. (*Id.*) As the Court never reached the merits of the motion, the Court is unable to conclude that the motion was frivolous. Nevertheless, due to the various versions of the motions served upon Plaintiff as well as the timing, the Court cannot ignore that some tactics were played. Accordingly, in its discretion, the Court finds an award of attorney's fees warranted.

Plaintiff is **INSTRUCTED** to file with the Court by **April 18, 2018**, the attorney's fees it is requesting along with a detailed list of the hours billed and their hourly rate.

**IT IS SO ORDERED**.

Dated:  April 13, 2018

Hon. Anthony J. Battaglia
United States District Judge

7

14-cv-1865-AJB-JMA