UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO COMIC CONVENTION, a California non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>DAN FARR PRODUCTIONS, a Utah limited liability company; DANIEL FARR, an individual; and BRYAN BRANDENBURG, an individual,<br><br>Defendants. | Case No.: 14-cv-1865 AJB (JMA)<br><br>**ORDER REGARDING ARGUMENT TIMING AT THE MAY 30, 2018 HEARING**<br><br>(Doc. 419, 425, 429, 433, 436) |

    The parties have five post-trial motions pending in this case, with a hearing set for May 31, 2018 at 2:00 P.M. for argument. These motions have been extensively and exhaustively briefed. In fact, many of the issues in these motions have been heard before in the context of Summary Judgment, Motions in Limine, or Rule 50 motions made during trial. In each instance extensively briefed or argued or both. While the Court will have several questions for the parties to address, there is no need for prolonged argument restating or recounting the arguments and evidence presented in the briefing, and at trial. Nor will issues outside of the motion pleadings, or evidence that could have been presented in the motion papers, be allowed. Finally, no written responses to the questions listed below

1

will be accepted.

Given this status, the Court will allow each side thirty minutes **TOTAL** for all the motions, including rebuttal, to address the questions of the Court listed below as part of their presentations, and any points they wish to make on the pending motions.

A. <u>Docket 436, Defendants' Motion for New Trial of Validity and Infringement.</u>
   1. On the naked license issue: Do the evidence and arguments Defendants offer in this Motion for New Trial the same as their motion in limine? If not, what is new or distinct?
   2. On the Genericness issue: Do Defendants have any case law from this circuit that states that a trademark owner has to sue every single infringer to keep their trademark rights?
   3. Do Defendants have any Ninth Circuit precedent where an incontestable mark was cancelled based on a generic ab initio theory?
   4. Do Defendants have any legal support for the argument that the statutory interpretation of the Lanham Act allows for the cancellation of an incontestable trademark based on a generic ab initio defense?

B. <u>Motion 433 Plaintiff's Motion for Judgment as a Matter of Law or New Trial.</u>
   1. To Plaintiffs: Why should the Court deviate from the Ninth Circuit's clear stance that Rule 50(b) motions are renewed Rule 50(a) motions and thus must only address the issues presented under Rule 50(a)?

C. <u>Motion 419, Plaintiff's Motion for Permanent Injunction</u>
   1. In requesting an injunction on the phrases "Comic-Con" and "Comic Con," and "phonetic equivalents," would that include "Komic Kon" or other iterations using "k" or things

like "Comic Kahn"?

D. <u>Motion 425, Plaintiff's Motion for Attorney Fees and Costs</u>

    1. Was any effort made by Plaintiff's Counsel to adjust for conference time with co-counsel to avoid duplication of or overlapping billing for services? If not, why not?

    2. Are these expenses the actual expenses that counsel will/has billed Plaintiff for services in this case? If not, why not?

    3. As to Defendants, you do not challenge the amounts of SDCC's attorneys fees claim in your opposition brief. This is tantamount to a waiver of any challenge to the claimed amounts, See, *United States v. $28,000.00 in U.S. Currency*, 802 F.3d 1100, 1105 (9th Cir. 2015). What is your justification for ignoring the Court's Order on page limits (Doc. 388), failing to ask for relief before filing your opposition, and now requesting leave at this late date?

**IT IS SO ORDERED**.

Dated:  May 23, 2018

                                                    Hon. Anthony J. Battaglia
                                                   United States District Judge