UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO COMIC CONVENTION, a California non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>DAN FARR PRODUCTIONS, a Utah limited liability company; DANIEL FARR, an individual; and BRYAN BRANDENBURG, an individual,<br><br>Defendants. | Case No.: 14-cv-1865 AJB (JMA)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S REQUEST TO SEAL; AND**<br><br>**(2) GRANTING PLAINTIFF'S PROPOSED REDACTIONS**<br><br>(Doc. Nos. 495, 497, 499, 500) |

On April 10, 2018, the Court denied without prejudice fourteen motions to seal filed by both Plaintiff and Defendants in relation to their post-trial motions. (Doc. Nos. 422, 424, 430, 434, 437, 453, 456, 460, 463, 465, 472, 475, 478, 482.) The Court then instructed both parties to either submit new declarations stating the compelling reasons in favor of sealing the documents or propose narrowly tailored redactions. (Doc. No. 491 at 6.) In response, Defendants did not file any additional declarations and Plaintiff filed four declarations. (Doc. Nos. 495, 497, 499, 500.) As will be explained in greater detail below, the Court **GRANTS** Plaintiff's request to seal and its proposed redactions.

# DISCUSSION

Plaintiff's four declarations request the following: (1) that the Court direct Defendants to file redacted versions of Exhibits three and four to Defendants' estoppel motion, (Doc. No. 495); (2) that the Court seal Exhibit E to the declaration of L. Rex Sears in support of Defendants' motion for new trial of validity and infringement, (Doc. No. 497); (3) that the Court direct Defendants to file a redacted version of Exhibit F to the declaration of L. Rex Sears in support of Defendants' motion for new trial of validity and infringement, (*Id.*); (4) that the Court direct Defendants to file redacted versions of Exhibit 3 and 4 to Defendants' unclean hands motion, (Doc. No. 499); and (5) that the Court allow Plaintiff to file a redacted version of its memorandum of points and authorities in opposition to Defendants' motion for ruling on estoppel defense, (Doc. No. 500).

There is a presumptive right of public access to court records based upon the common law and the first amendment. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Thus, "[u]nless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks omitted). In order to overcome this strong presumption, a party must "articulate[] compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure[.]" *Id.* at 1178–79. Parties seeking to seal documents in a dispositive motion must meet the high threshold requiring "compelling reasons" with specific factual findings to support sealing. *Id.* at 1178–80. The "compelling reasons" test requires showing more than just "good cause." *Id.* at 1180.

As to Exhibit E to the declaration of L. Rex Sears in support of Defendants' motion for new trial, the Court finds that Plaintiff's new declaration has presented compelling reasons that justify sealing the entire exhibit—Doc. No. 344. (Doc. No. 497 at 2–3.) As Plaintiff points out, the motion is replete with references to confidential settlement discussions, negotiations between Plaintiff and a third party concerning a potential license for Plaintiff's trademarks, and direct quotations from emails referencing the same private

discussions. (*Id*. at 2.) It is without question that courts have sealed confidential settlement agreements and negotiations. *See Prosurance Group, Inc. v. Liberty Mutual Group, Inc.*, No. 10-CV-02600-LHK, 2011 WL 704456, at *1 (N.D. Cal. Feb. 18, 2011) (sealing documents that discussed or disclosed the terms of an agreement); *see also Brightwell v. McMillan Law Firm*, No. 16-CV-1696 W (NLS), 2017 WL 5885667, at *1–2 (S.D. Cal. Nov. 29, 2017) (sealing email correspondences that discussed the terms of an underlying settlement). Accordingly, Plaintiff's motion to seal Exhibit E is **GRANTED**.

Next, the Court turns to Plaintiff's various requests to redact certain documents. The proposed redactions are as follows:

(1) redact all minutes except for one specific entry in Exhibit F to the Declaration of L. Rex Sears in support of Defendants' motion for new trial of validity and infringement. (Doc. No. 497 at 4.) Exhibit F consists of excerpts from the deposition of David Glanzer. (*Id*.)

(2) direct Defendants to file redacted versions of Exhibits 3 and 4 to Defendants' motion for ruling on estoppel defense. (Doc. No. 495 at 2.) Exhibit 3 consists of minutes from Plaintiff's Board of Directors Meetings and Plaintiff points out that Defendants only cite to Item #5 in their motion. (*Id*.) Exhibit 4 is an August 18, 2011 email exchange and Defendants cite only to one portion of the exhibit in their motion. (*Id*. at 3.) The remainder of the email exchange includes confidential discussions and immaterial issues to the present lawsuit. (*Id*. at 3–4.)

(3) direct Defendants to file redacted versions of Exhibits 3 and 4 to Defendants' unclean hands motion. (Doc. No. 499 at 2.) These two exhibits are identical to the foregoing exhibits and the redactions Plaintiff requests are the same.

(4) narrowly tailored redactions to Plaintiff's memorandum of points and authorities in opposition to Defendants' motion for ruling on estoppel defense. (Doc. No. 500 at 2.)

In general, the Court finds the proposed redactions are narrowly tailored and that Plaintiff has provided a particularized showing that specific harm will result if the

information is made publicly available. Moreover, Defendants do not oppose the redactions. Accordingly, the Court **GRANTS** the proposed redactions detailed in Plaintiff's declarations.

## **CONCLUSION**

As explained above, the Court **GRANTS** Plaintiff's request to seal Exhibit E to the Declaration of L. Rex. Sears in support of Defendants' motion for new trial of validity and infringement. (Doc. No. 497 at 2.) The **SEAL CLERK** is **ORDERED** to file Exhibit E under seal. (Doc. No. 435-1.)

Additionally, the Court **DIRECTS** Defendants to file **redacted versions** of (1) Exhibit F to the Declaration of L. Rex Sears in support of Defendants' motion for new trial of validity and infringement, (Doc. Nos. 435-2), and (2) Exhibits 3 and 4 to Defendants' estoppel and unclean hands motions, (Doc. Nos. 426-2, 426-3, 438-3, 438-4). Defendants are to file the redactions as provided in Plaintiff's declarations. Finally, Plaintiff is **DIRECTED** to file the **redacted version** of its memorandum of points and authorities in opposition to Defendants' motion for ruling on estoppel defense. (Doc. No. 464.)

The Court **ORDERS** the parties to file within **seven days** documents that comply with the Court's determinations above.

As to the remainder of the motions to seal, as neither party has filed additional declarations requesting that the documents be sealed, the Court's April 10, 2018 Order denying the motions to seal still stands. Thus, the **SEAL CLERK** is **ORDERED** to publicly docket the following documents: Doc. Nos. 423, 423-1, 426, 426-1, 426-4 through 426-8, 431, 438, 438-1, 438-2, 438-5, 454, 454-1, 457, 461, 466, 473, 473-1, 476, 479, 483.

**IT IS SO ORDERED**.

Dated: June 5, 2018

Hon. Anthony J. Battaglia
United States District Judge