# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO COMIC CONVENTION, a California non-profit corporation,<br><br>         Plaintiff,<br><br>v.<br><br>DAN FARR PRODUCTIONS, a Utah limited liability company, et al.,<br><br>         Defendants. | Case No.: 14-cv-1865-AJB-JMA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11(c)(2)**<br><br>(Doc. Nos. 493, 494) |

On March 8, 2018, Defendants filed a motion for sanctions. (Doc. No. 484.) In response, Plaintiff opposed the motion, while also arguing that Defendants had failed to follow Federal Rule of Civil Procedure 11's technical requirements. (Doc. No. 487 at 18–19.) Ultimately, the Court denied Defendants' motion, but agreed with Plaintiff that Defendants had not complied with Rule 11's safe harbor provision. (*See generally* Doc. No. 493.) Presently before the Court is Plaintiff's request for $23,278.00 in attorneys' fees pursuant to Rule 11(c)(2). (Doc. No. 494.) Defendants argue that the amount requested is excessive. (*See generally* Doc. No. 502.) As will be explained in greater detail below, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's request for attorneys' fees.

# DISCUSSION

Plaintiff requests $21,584.00 in attorneys' fees for 36.30 hours worked opposing Defendants' motion for sanctions. (Doc. No. 494-1 at 3.) In addition, Plaintiff also seeks $1,694.00 in attorneys' fees for the 2.8 hours it spent drafting its declaration and reviewing invoices for the matter at hand. (Doc. No. 494 at 3–4.) Defendants mount in opposition that the amount Plaintiff seeks is extreme and should be "substantially trimmed or denied outright." (Doc. No. 502 at 2.)

Federal Rule of Civil Procedure 11 provides that "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2). Additionally,

> the filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions . . . the court may award to the person who prevails on a motion under Rule 11--whether the movant or the target of the motion--reasonable expenses, including attorney's fees, incurred in presenting or opposing the motion.

*Id*. advisory committee's note to 1993. Further, the advisory notes also illuminate that sanctions are meant "to deter rather than compensate and suggest that a partial award of fees may constitute a sufficient deterrent for those with lesser resources." *Simpson v. Cal. Pizza Kitchen, Inc.*, No. 13-cv-164 JLS (JMA), 2013 WL 12114487, at *5 (S.D. Cal. Oct. 23, 2013) (internal quotation marks omitted).

A.  Reasonableness of Fees Requested by Plaintiff

In general, Defendants argue that the requested fees—$23,278.00—is not only exorbitant, but entirely disproportionate when compared to the $20,000.00 verdict Plaintiff obtained after the jury trial. (Doc. No. 502 at 2.)

Rule 11 awards are subject to two conditions: (1) the fee award is limited to fees "directly resulting from the violation"; and (2) the fees to be awarded must be reasonable. *See* Fed. R. Civ. P. 11(c)(2), (4). Courts typically determine reasonableness by conducting a lodestar analysis of the hours expended and the hourly rate charged. *See McGrath v. Cty.*

*of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995); *see also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (explaining that in the Ninth Circuit, courts calculate an award of attorneys' fees using the lodestar method, multiplying "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate.") (citation omitted). A district court has broad discretion in determining the reasonableness of attorney's fees. *See Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).

Additionally, "[a]lthough in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). The factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006) (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)), *abrogated on other grounds by Stetson v. Grissom*, 821 F.3d 1157 (9th Cir. 2016).

### *i. Reasonable Hourly Rate*

The determination of reasonable hourly rates is made by examining the prevailing market rates in the relevant community charged for similar services by "lawyers of reasonably comparable skill, experience and reputation." *Davis v. City and Cty. of San Francisco*, 976 F.2d 1536, 1546 (9th Cir. 1992) (citation omitted), *opinion vacated on other grounds by* 984 F.2d 345 (9th Cir. 1993). The "relevant community" for these purposes is the district in which the lawsuit proceeds. *Barjon v. Dalton*, 132 F.3d 496, 500

(9th Cir. 1997).

The moving party has the burden to produce "satisfactory evidence, in addition to the affidavits of its counsel" that the requested rates are reasonable. *Jordan v. Multnomah Cty.*, 815 F.2d 1258, 1263 (9th Cir. 1987). Once the fee applicant has met its burden, the opposing party "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates*, 987 F.2d at 1397–98.

Plaintiff points the Court to the declarations of Jose L. Patino and Callie A. Bjurstrom filed on January 16, 2018, to highlight the experience of Ms. Herrera, Ms. Bjurstrom, Mr. Hahn, and Ms. Edge, all of whom worked on the opposition brief to Defendants' motion for sanctions. (Doc. No. 494 at 3; Doc. Nos. 425-2, 425-3.) Ms. Bjurstrom's declaration states that she is a lead trial attorney with Pillsbury's Intellectual Property section and has over 29 years of experience. (Doc. No. 425-3 ¶ 2.) Her hourly rate for this specific matter was $795.00. (Doc. No. 494-1 at 2.) Mr. Hahn is a partner at Pillsbury and a member of its Intellectual Property section with twenty-eight years of experience. (Doc. No. 425-3 ¶ 3.) His hourly rate in aiding with the opposition to the motion for sanctions was $785.00. (Doc. No. 494-1 at 2.) As to Ms. Herrera, she has over 16 years of litigation experience and her hourly rate for this matter was $605.00. (Doc. No. 494-1 at 2; Doc. No. 425-3 ¶ 4.) Finally, Ms. Edge is a senior legal analyst at Pillsbury and has over 30 years of experience as a litigation and intellectual property paralegal. (Doc. No. 425-3 ¶ 11.) Ms. Edge charged an hourly rate of $325.00. (Doc. No. 494-1 at 2.) As support that all of the foregoing rates are reasonable, the declaration attaches two cases from this district court approving of rates lower than those listed above. (*See generally* Doc. No. 425-4.)

First, as to the two cases provided by Plaintiff, the hourly rates determined to be reasonable were $607.50 for Ms. Bjurstrom, $472.50 for Ms. Herrera, (Doc. No. 425-4 at 17), and $630/hour for a partner and $495/hour for an associate, (*Id*. at 24). Thus, as this Court approved of attorney's fees in the range of $472.50–$630.00 in 2012, (*Id*. at 2, 22),

4

with the passage of over six years of time, the Court finds that Ms. Herrera's hourly rate of $605.00 is reasonable. As to Mr. Hahn and Ms. Bjurstrom, who both charge close to $800.00 an hour, Plaintiff provides no evidence of reasonableness.

However, from the Court's own research, it has found that Intellectual Property attorneys have earned upwards of $800.00 an hour. *See LG Corp. v. Huang Xiaowen*, No. 16-CV-1162 JLS (NLS), 2017 WL 3877741, at *2 (S.D. Cal. Sept. 5, 2017) (finding a rate of $850 to $890 an hour for lead counsel reasonable). Similar cases also have made the same conclusion. *See Zest IP Holdings, LLC v. Implant Direct Mfg., LLC*, No. 10-CV-0541-GPC (WVG), 2014 WL 6851612, at *5–6 (S.D. Cal. Dec. 3, 2014) (finding rates reasonable where plaintiffs sought "an hourly rate of between $170 per hour and $895 per hour depending on the particular attorney or paralegal" from a "multi-state/national law firm"); *see also Flowrider Surf, Ltd. v. Pac. Surf Designs, Inc.*, No. 15cv1879-BEN (BLM), 2017 WL 2212029, at *3 (S.D. Cal. May 18, 2017) (citing a publication that noted that the 2015 median billing rates for intellectual property partners in San Diego was between $585.04 and $727.50). Based on the foregoing, the Court finds reasonable the rates charged by Ms. Bjurstrom ($795.00) and Mr. Hahn ($785.00).

In contrast to the foregoing, the Court notes that Plaintiff has failed to produce any evidence to support a finding that the paralegal rate sought represents the prevailing rates in the Southern District of California. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) ("To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services . . . ."). Nevertheless, the Court may consider Plaintiff's declaration in addition to similar cases and its own knowledge and familiarity with the Southern District of California legal market in setting a reasonable paralegal hourly rate. *See Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

Here, in aiding with the opposition brief, Ms. Edge billed $325.00 an hour. (Doc. No. 494-1 at 2.) However, reasonable rates for paralegals in this district have ranged from

$125 to $225. *See In re Maxwell Techs., Inc., Derivative Litig.*, No. 13CV966 BEN (RBB), 2015 WL 12791166, at *5 (S.D. Cal. July 13, 2015) (awarding $225 paralegal rate to paralegals with "significant experience"); *see also Flowrider Surf*, 2017 WL 2212029, at *3 (awarding paralegal fees of $150 per hour in a patent infringement case); *LG Corp.*, 2017 WL 3877741, at *3 (finding reasonable a rate of $225 per hour for a paralegal with over twenty years of experience). At its highest, this district has approved a paralegal rate as high as $290.00. *See In re Maxwell Techs., Inc.*, 2015 WL 12791166, at *5.

Presently, the Court does not question the experience and legal skills of Ms. Edge. However, Plaintiff has failed to satisfy its burden in providing information regarding relevant paralegal billing rates from this district. Thus, from the Court's review of recent case law concerning reasonable fee awards for intellectual property paralegals, the Court finds an hourly rate of $290.00 for Ms. Edge to be reasonable. The final award will be adjusted in light of this modification.

Defendants briefly argue that this motion should have been delegated to staff or colleagues with lower billing rates. (Doc. No. 502 at 2–3.) However, the Court disagrees. Defendants' motion for sanctions dealt with Plaintiff's motion for judgment as a matter of law or in the alternative motion for new trial. (*See generally* Doc. No. 484-1.) In particular, Defendants' motion took issue with the fact that Plaintiff's pre-verdict motion purportedly did not cover the matters delineated in Plaintiff's post-verdict motion. (*Id.*) It is unquestionable that the attorneys with the foremost knowledge of what was said during the pre-verdict hearing and the attorneys most acquainted with motions for judgment as a matter of law are the lead attorneys in this case. Consequently, the Court does not take issue with the fact that Ms. Bjurstrom, Ms. Herrera, and Mr. Hahn took the lead on this opposition brief.

Accordingly, based on the community rates from this district and the fact that Pillsbury is an American Lawyer Top 100 law firm with over 600 attorneys in twenty-one offices, the Court finds Ms. Herrera, Ms. Bjurstrom, and Mr. Hahn's hourly rates reasonable. (Doc. No. 425-3 ¶ 17.) As to Ms. Edge, the Court adjusts her hourly rate to

reflect the high-end of paralegal hourly rates provided by the Southern District of California. Further, the Court notes that Defendants do not challenge Plaintiff's rates, thus conceding that they are reasonable. *See Armstrong v. Brown*, 805 F. Supp. 2d 918, 920 (N.D. Cal. Aug. 8, 2011) ("The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court . . . .").

### *ii. Hours Reasonably Spent*

"The moving party bears the burden of documenting the appropriate hours spent in the litigation and submitting evidence in support of the hours worked." *Zest IP Holdings*, 2014 WL 6851612, at *6. After the moving party provides evidence of the hours billed, the opposing party has the burden of submitting evidence "challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates*, 987 F.2d at 1398. "Even if the opposing party has not objected to the time billed, the district court 'may not uncritically accept a fee request,' but is obligated to review the time billed and assess whether it is reasonable in light of the work performed and the context of the case." *Rodriguez v. Barrita, Inc.*, 53 F. Supp. 3d 1268, 1280 (N.D. Cal. 2014).

District courts have discretion to reduce the number of hours that were not reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). When determining whether the number of hours expended is reasonable, the following criterion may be taken into account, but each factor cannot be an independent basis to reduce hours: "(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, and (4) the results obtained." *Cabrales v. Cty. of Los Angeles*, 864 F.2d 1454, 1464 (9th Cir. 1988) (citation omitted), *judgment vacated on other grounds by* 490 U.S. 1087 (1989).

In total, Plaintiff expended 36.30 hours researching and writing the opposition to Defendants' motion for sanctions and 2.8 hours drafting the declaration and reviewing the invoices in relation to its request for fees. (Doc. No. 494 at 3; Doc. No. 494-1 at 3.) Thus, in sum, Plaintiff spent 39.1 hours in relation to the matter at hand.

Defendants' first challenge to the reasonableness of the hours expended is that the majority of the time entries fall under quarter hour increments and the Ninth Circuit has affirmed fee reductions for billing on the quarter hour. (Doc. No. 502 at 2.) The Court delineates that of the fourteen entries, only one of them is billed in 0.10 increments. (*See generally* Doc. No. 494-1.)

Courts have recognized that billing by the quarter-hour, not by the tenth is a "deficient" practice "because it does not reasonably reflect the number of hours actually worked." *See Zucker v. Occidental Petroleum Corp.*, 968 F. Supp. 1396, 1403, n.11 (C.D. Cal. 1997) (demonstrating that an attorney with a $300 hourly rate who works six minutes on a matter would charge $30 if he bills by the tenth of an hour and $75 if he bills by the quarter hour). Due to this, courts have reduced the fee award by a percentage to account for the unearned increment based on quarter-hour billing. *See Preseault v. United States*, 52 Fed. Cl. 667, 680–81 (Fed. Cl. 2002). As a result, the Court reduces Plaintiff's attorneys' fee award by 20% to account for the practice of billing by the quarter-hour. *See Zest*, 2014 WL 6851612, at *11 n.2 (awarding a 20% overall reduction in fees based on quarter-hour billing).

Next, the Court finds an additional reason to reduce the amount of hours Plaintiff spent on its opposition brief. The Court notes that both Ms. Bjurstrom and Mr. Hahn revised the opposition to Defendants' sanctions motion and though not excessive, Ms. Herrera's time entries illustrate that she conferred with both Mr. Hahn and Ms. Bjurstrom regarding revisions. (Doc. No. 494-1 at 2.) Although it has been recognized that "the participation of more than one attorney does not necessarily constitute an unnecessary duplication of effort[,]" *see McGrath*, 67 F.3d at 255, the Court believes that these hours were not reasonably expended. Accordingly, despite the fact that Plaintiff prevailed on this matter, the Court finds a further reduction of 5% of Ms. Herrera's fees to be appropriate. *See Mogck v. Unum Life Ins. Co. of Am.*, 289 F. Supp. 2d 1181, 1195 (S.D. Cal. 2003) (finding a reduction of fees reasonable as both attorneys billed for reviewing the defendant's objection and two attorneys billed for reviewing the Ninth Circuit opinion in

the case); *see also Hensley*, 461 U.S. at 432–34 (holding that counsel submitting fee applications must exclude hours that are "excessive, redundant, or otherwise unnecessary[.]"); *AT&T Mobility LLC v. Yeager*, No. 2:13-cv-00007 KJM DB, 2018 WL 1567819, at *2 (E.D. Cal. Mar. 30, 2018) (highlighting that the court has broad discretion to adjust the lodestar fee downward if it concludes the attorneys performed work that was excessive or duplicative).

Absent the foregoing two reductions, the Court finds the remainder of the overall hours spent on researching, drafting, and writing the opposition to Defendants' motion for sanctions to be reasonable.

### iii. The Lodestar Amount for Fees

The Court concludes that the lodestar amount for fees related to Plaintiff's opposition to Defendants' motion for sanctions is $17,757.78.[1] The calculation of the lodestar amount is as follows:

| Biller | Total Hours | Rate | Total Amount |
| --- | --- | --- | --- |
| Michelle Herrera | 31.1 | $605.00 | $18,815.50 reduced by 5%: $17,874.72 |
| Callie Bjurstrom | 2.25 | $795.00 | $1,788.75 |
| Peter Hahn | 1.75 | $785.00 | $1,373.75 |
| Sandra Edge | 4 | $290.00 | $1,160.00 |

### iii. Additional Considerations

Defendants argue that the unsettled state of the relevant law also warrants an

---

[1] This figure was calculated by multiplying the hourly rate by the hours worked, which totaled $23,138.00. Ms. Herrera's total amount was then reduced by 5% for duplicative billing, which amounts to 17,874.72. After this reduction, the total lodestar figure is 22,197.22. This number was then deducted by 20%—minus $4,439.44. As a result, the final lodestar amount is: $17,757.78.

equitable reduction of any fee award. (Doc. No. 502 at 3.) Explicitly, Defendants argue that they conducted themselves in accordance with "out-of-circuit authority construing the safe-harbor requirement" and thus a substantial reduction is appropriate.[2] (*Id.*) The Court disagrees.

Despite the fact that there was no clear precedent from this district on whether Rule 11's safe harbor requires a moving party to serve the same motion that is to be filed with the Court, Defendants were the parties that initiated the motion for sanctions and thus took the chance that they might not succeed. Moreover, Defendants did more than just serve and file two different versions of their motion for sanctions. In reality, they served Plaintiff with two different versions of their motion, both of which were not the same motion filed with the Court. Consequently, even despite the unsettled state of the law, Defendants are not entitled to a deduction of the lodestar figure, which is the "presumptively accurate measure of reasonable fees." *Ballen*, 466 F.3d at 746.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's request for attorneys' fees and thus **AWARDS** Plaintiff $17,757.78 in attorneys' fees.

**IT IS SO ORDERED**.

Dated: July 2, 2018

Hon. Anthony J. Battaglia
United States District Judge

---

[2] For clarity, the Court's order denying Defendants' motion for sanctions and granting Plaintiff attorneys' fees and costs held that despite the split in this circuit, the plain language of Rule 11's safe harbor provision required Defendants to serve Plaintiff with a copy of the same motion to be filed with the Court. (Doc. No. 493 at 4–5.) Defendants' motion for sanctions served upon Plaintiff was different than the motion docketed with the Court. (*Id.* at 6–7.)