

# United States District Court
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| San Diego Comic Convention, a California non-profit corporation,<br><br>                                **Plaintiff,**<br>V.<br><br>Dan Farr Productions, a Utah limited liability company; Daniel Farr, an individual; (See attachment for additional parties)<br><br>                               **Defendant.** | **Civil Action No.** 14-cv-01865-AJB-JMA<br><br>**AMENDED**<br><br>**JUDGMENT IN A CIVIL CASE** |

**Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED:

The Court has exhaustively and carefully considered the totality of the circumstances in this case. Having done so, the Court finds that this case stands out when compared to run of the mill trademark infringement cases. Accordingly, in its discretion, finding this case "exceptional" pursuant to 15 U.S.C. § 1117(a), SDCC as the prevailing party is awarded attorneys' fees and costs subject to the deductions listed above. It is accordingly ORDERED that SDCC is awarded attorneys' fees and costs totaling $3,962,486.84. This award includes $3,767,921.06 in attorneys' fees and $212,323.56 in expert costs. Judgment is entered for SDCC and against DFP, Dan Farr an individual, and Bryan Brandenburg an individual, and each of them, in this amount, as well as the $20,000 awarded by the jury, in this case. Permanent injunction is issued. Accordingly, SDCC's motion for attorneys' fees and costs is GRANTED IN PART AND DENIED IN PART.

**Date:** 4/15/19

**CLERK OF COURT**
**JOHN MORRILL, Clerk of Court**
By: s/ T. Ferris

                                                                                             T. Ferris, Deputy

# United States District Court
SOUTHERN DISTRICT OF CALIFORNIA

(ATTACHMENT)

**Civil Action No.** 14-cv-01865-AJB-JMA

Within the structure of the present matter, the Court ISSUES the following narrowly tailored INJUNCTION in its considerable discretion. See Church of Holy Light of Queen v. Holder, 443 F. App'x 302, 303 (9th Cir. 2011) (emphasizing that courts enjoy "considerable discretion in fashioning suitable relief and defining the terms of an injunction[.]") (citation omitted); see also Orantes-Hernandez v. Thornburgh, 919 F.2d 549, 558 (9th Cir. 1990) (holding that "[t]here are limitations on this discretion; an injunction must be narrowly tailored to give only the relief to which plaintiffs are entitled.").

1) DFP is enjoined from use of SDCC's three trademarks asserted in this case, any confusingly similar marks (i.e. Comicon or Comiccon), or any phonetic equivalents, (i.e. ComiKon or ComicKon), in the name of any comic or popular arts convention or event or in connection with the promotion, advertising, products or marketing of any comic or popular arts convention or event. This does not include referencing San Diego Comic Con or other comic conventions that use "Comic Con" in their name in advertising or marketing materials.

2) DFP is enjoined from the use or operation of any social media site (i.e. Facebook, Twitter, Instagram, Pinterest, or Snapchat) that incorporates into the name of any comic arts, popular fiction, or subject related event, any of SDCC's three trademarks asserted in this case, any confusingly similar marks (i.e. Comicon or Comiccon), or any phonetic equivalents, (i.e. ComiKon or ComicKon).

3) DFP is enjoined from using a "formerly known as Salt Lake Comic Con" reference on any website, social media site, publicity documents, and/or advertising or marketing materials that are connected to any comic arts or popular fiction events or subject related conventions they produce.

4) DFP is enjoined from registering or using a domain name that incorporates any of SDCC's three trademarks asserted in this case, any confusingly similar mark (i.e. Comicon or Comiccon) or any phonetic equivalents (i.e. ComiKon or ComicKon) in relation to any comic arts or popular fiction conventions or subject related events or in such a way that would lead consumers to believe that DFP is sponsored by or related to SDCC.

5) Finally, DFP is prohibited from utilizing www.saltlakecomiccon.com as a forwarding address to their www.fanxsaltlake.com website or to any subject related website.

6) DFP is not required to destroy all of their merchandise and all marketing materials bearing the specific word combinations "Comic Con," "Comic- Con," or any phonetic equivalents, so long as DFP simply wishes to maintain their "historical archive," but not sell, distribute, donate, give away, reproduce, republish, display, depict or make any commercial use of any of these "archival materials." If, on the other hand, there is any plan or potential future sale, distribution, donation, reproduction, republication, display, depiction or commercial use, of said materials exceeding the archival needs of DFP, then they must be destroyed consistent with this Order.

The Court retains jurisdiction to enforce the terms of this Order, injunction, and its compliance. Within thirty (30) days from the date of this Order, DFP must be in compliance with this injunction Order and file with the Court and serve on SDCC a report in writing under oath, setting forth the manner and form in which DFP has complied with the injunction order.

Thus, in sum, the Court GRANTS IN PART AND DENIES IN PART SDCC's motion for permanent injunction. The Clerk is ordered to state the injunction terms in the judgment in this case, verbatim.

# United States District Court
### SOUTHERN DISTRICT OF CALIFORNIA

(ATTACHMENT)

**Civil Action No.** 14-cv-1865-AJB-JMA

Bryan Brandenburg, an individual,

Defendants.

_____

Bryan Brandenburg, an individual;
Dan Farr Productions, a Utah limited liability company;
Daniel Farr, an individual,

Counter Claimant

vs.

San Diego Comic Convention, a California non-profit corporation,

Counter Defendant.