UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO COMIC CONVENTION, a California non-profit corporation,<br><br>                        Plaintiff,<br><br>v.<br><br>DAN FARR PRODUCTIONS, a Utah limited liability company, et al.,<br><br>                        Defendants. | Case No.: 14-cv-1865-AJB-JMA<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF SAN DIEGO COMIC CONVENTION'S MOTION TO REDACT PORTIONS OF THE TRANSCRIPT OF THE HEARING ON MOTIONS IN LIMINE;**<br><br>**(2) GRANTING DEFENDANTS' MOTION TO SEAL DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REDACT PORTIONS OF THE TRANSCRIPT OF THE HEARING ON MOTIONS IN LIMINE; AND**<br><br>**(3) GRANTING DEFENDANTS' MOTION TO SEAL DEFENDANTS' REPLY REGARDING DEFENDANTS' MOTION TO SEAL OPPOSITION**<br><br>(Doc. No. 574, 583, 588) |

1   Presently before the Court is San Diego Comic Convention's ("SDCC") motion to redact portions of the transcript of the hearing on motions *in limine*. (Doc. No. 574.) SDCC requests redaction of discussion and references to SDCC's confidential communications regarding infringement of SDCC's trademarks, potential resolution of claims through licensing and settlement, and efforts to police its trademarks and its rights. (Doc. No. 574-1 at 2.) Dan Farr Productions, Daniel Farr and Bryan Brandenburg (collectively, "DFP") assert that SDCC has failed to justify these redactions. (*See generally* Doc. No. 584.) However, the Court has previously found sufficient reasons to support redacting such information from the public record. (*See* Doc. No. 505.) Accordingly, the Court finds the proposed redactions are narrowly tailored and that SDCC has provided a particularized showing that specific harm will result if the information is made publicly available. *See San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999) The Court **GRANTS** Plaintiff's motion to redact portions of the transcript of the hearing on motions *in limine*.

DFP filed motions to seal its opposition to SDCC's motion to redact as well as its reply to its motion to seal. (Doc. Nos. 583, 588.) However, DFP does not wish for the Court to grant its motions, but rather filed the motions based on the assertions of SDCC that the information is confidential. In light of the Court's findings above, the Court **GRANTS** DFP's motions to seal. The redacted versions of these motions that Plaintiff has proposed in Exhibit 1 to Document 587 and Exhibit 1 to Document 593 shall be filed in the public record.

Further, the Court **DENIES** to strike from the record DFP's Exhibit A to its motion to seal its reply to its motion to seal.

Accordingly, Plaintiff's motion to redact is **GRANTED**. (Doc. No. 574.) DFP's motions to seal are **GRANTED**. (Doc. Nos. 583, 588.) The **SEAL CLERK** is **ORDERED** to file Document Numbers 584 and 589 under seal. DFP is **DIRECTED** to file the redacted versions of its opposition to SDCC's motion to redact as well as its reply to its motion to seal as proposed by SDCC in the above-mentioned exhibits. (Doc. Nos. 587-1, 593-1.)

2

Plaintiff is **DIRECTED** to provide the redacted portions of the transcript of the hearing on motions *in limine* to Judge Battaglia's court reporter.

The Court **ORDERS** the parties to file within **seven days** of this Order the documents that comply with the Court's determinations above.

**IT IS SO ORDERED**.

Dated: July 2, 2019

Hon. Anthony J. Battaglia
United States District Judge